### HENRY HARRINGTON v. GEORGE GIES.

*Contract of service—Furnishing wife's services—Variance.*

A man bringing suit in his own name, put in evidence a contract under which he and his wife were to work for defendant. *Held*, that there was no material variance.

A man can contract to furnish his own services and those of his wife, and if his wife makes no separate claim, can sue for them. And if the wife gives evidence in support of his demand, upon the trial, it is a sufficient ratification of his contract, if necessary to ratify it.

A servant suing his employer upon a contract of service which the latter has prevented him from fulfilling by discharging him without cause before the expiration of the time for which he was hired, should meanwhile seek employment in his neighborhood, and if he fails to get it and does work for himself, its value cannot be deducted from the amount of his claim.

Error to Macomb.    Submitted Jan. 13.    Decided Jan. 26.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*William S. Thomas* and *Henry M. Cheever* for plaintiff in error.    Where a man and his wife make a contract the right of action for a breach is joint: *Berger v. Jacobs* 21 Mich. 215; *Tillman v. Shackleton* 15 Mich. 447; *Campbell v. White* 22 Mich. 178; *De Vries v. Conklin* 27 Mich. 255; *Rankin v. West* 25 Mich. 195; a servant who sues his employer for breach of the contract of service by discharging him, must reduce the damages by seeking other employment (*King v. Steiren* 44 Penn. St. 99; *Hoyt v. Wildfire* 3 Johns. 518; *Ward v. Ames* 9 Johns. 138; *Emerson v. Howland* 1 Mason 51; *Armfield v. Nash* 31 Miss. 361) and that for which he will receive compensation: *Hunt v. Crane* 33 Miss. 669; *Danley v. Williams* 16 Wis. 581; *Gordon v. Brewster* 7 Wis. 355.

*E. Weeks* and *Crocker & Hutchins* for defendant in error.

MARSTON, C. J.  Gies sued Harrington in *assumpsit*, declaring. specially.  Upon the trial he gave evidence tending to prove that in April, 1878, he entered into an agreement with Harrington, by which he, Gies and his wife, should work for defendant one year, upon his farm, taking care of the farm-house, boarding men, and also to give defendant the use of a cow owned by the plaintiff.  Defendant was to furnish all needed supplies for the house and pay plaintiff $180.  It was farther claimed by plaintiff that at the expiration of six months from the time they commenced work the defendant, without good and sufficient cause, discharged them.

The principal objections urged in this court are, that there was a variance between the declaration and proofs, and that the husband could not sue in his own name and recover for the services of his wife.

We find no material variance between the declaration and the proofs.  All that was alleged was proved, or at least evidence given tending to prove it.  In reference to the second objection, the wife does not seem to have made any separate claim.  The husband had a right to enter into a contract to work himself and to furnish labor of any other person, whether his wife or not, and if he performed on his part, we see no reason why he should not be permitted to recover.  His wife made no claim against the defendant, but appeared as a witness on the trial in corroboration and support of her husband's claim, thus ratifying his agreement if any ratification was necessary.

The court fairly and clearly. submitted to the jury the question whether defendant was justified in discharging the plaintiff and also whether plaintiff made reasonable effort to obtain other employment.

The plaintiff after leaving defendant's employ and within the year performed some services upon his own land, and this the defendant sought to inquire into and have the value thereof deducted from the plaintiff's claim.  If the plaintiff made an effort to obtain employment in the vicinity where he resided and failed, he was under no obligation to remain

idle, and if he performed some labor for himself he could not be charged with the value thereof.

The judgment must be affirmed with costs.

The other Justices concurred.