CASE 88—SPECIAL AND GENERAL VERDICTS—FEBRUARY 14, 1885.

# Empire Coal and Mining Company v. McIntosh.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. If either party demands a special verdict, it is the duty of the court to order it, but the court may, in its discretion, order a general verdict.
2. Section 317, Civil Code, provides that in case of special verdicts, the court may reserve the questions of law in the case until the jury has made its special findings, but is not compelled to do so.
3. Like a general verdict, a special verdict can not be set aside unless it be flagrantly against the evidence.

Empire Coal and Mining Company v. McIntosh.

4. Negligence being a question of law for the court to decide, it is immaterial what instructions the court gave as to the degree of negligence that would authorize a recovery.

J. J. LANDES AND PETREE & LITTELL FOR APPELLANT.

1. At the conclusion of the evidence, appellant requested to direct the jury to find a special verdict only. The court refused the motion.
2. The court, however, on motion of appellant, instructed the jury to return a special finding of the facts in answer to seven questions propounded by the court. It then, on motion of appellee, instructed the jury to return a separate general verdict responding to his issue.
3. The court erred in ordering this verdict. After appellant had requested that a special verdict be had, no other kind was allowable.
4. The instruction was error. (Gen. Stat., sections 635, 757, 758; Civil Code, sections 326, 327, 328; P. & E. R. R. Co. v. Letcher, Sup. Ct. MS. opinion, June 16 and September 24, 1883; Ib. v. McLean, Ib., MS. opinion, October 1, 1883; 2 Duvall, 579; Jacobs v. L. & N. R. R. Co., 10 Bush, 275; Ib. v. McCoy, 81 Ky., 403; City of Lexington v. Lewis, 10 Bush, 680; L. & P. Canal Co. v. Murphy, 9 Bush, 531; L., C. & N. R. R. Co. v. Cain, Ib., 728; 13 Bush, 636; Sullivan v. Bridge Co., 9 Ib., 81; Wharton, Neg., sections 199, 205, 207, 214, 215; 6 Bush, 579.)

JNO. W. McPHERSON AND CAMPBELL & GAITHER FOR APPELLEE.

1. The court below committed no error in directing a general verdict to appellee against the protest of appellant.
2. Can it be that the circuit judge is converted into an automaton to sit with folded arms and be compelled to grant a special finding only when so requested, and to deny at the same time the motion of the opposite party for a general verdict, when both are allowed by the same section of the Code? (Civil Code, 317.)
3. It is clear that it was in the discretion of the court to grant the order for a general verdict.
4. The court did not err in refusing the instructions asked for by appellant. (Dolfinger v. Fishback, 12 Bush, 478; 2 Duv., 599; L. & N. R. R. Co. v. Wolfe, 80 Ky., 83; Civil Code, section 326; Wood on Master and Servant, 707, 742; Wharton, Neg., sections 28–32; Wells on Law and Fact, sections 366–8.)

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

John McIntosh, while in the employ of appellant as a common laborer engaged in mining coal, was killed by the falling of a portion of the roof of the mine. This action was brought by the widow of McIntosh under

section 3, of chapter 57, of General Statutes, which authorizes an action by the widow, heir or personal representative where the killing is the result of willful negligence and permits the recovery of punitive damages. The petition alleges willful negligence, and that it consisted in the failure of appellant to prop the roof of the mine entry where the deceased was required to work. The answer denies this negligence, and alleges contributory negligence on the part of the deceased, in that he was not at the proper place for his work at the time of the killing, and that he failed to prop the entry to his own mining room, as it is charged it was his duty to do ; and further, that the deceased, in violation of the orders of the superintendent of the mine, willfully and negligently removed a portion of a column of coal that was left for the support and did support the roof, and that by reason of such removal the killing occurred.

Upon these issues the case went to trial, and a verdict for $3,000 was returned, and from the judgment thereon this appeal is taken. On the conclusion of the evidence appellant asked for and obtained directions to the jury for special findings on questions propounded by appellant. The court also, at the instance of appellee, directed a separate general verdict, and of its own motion directed the jury to ascertain the damages under the special findings, and also instructed them upon the whole law of the case and directed them to return a general verdict.

The first complaint is that it was error in the court to direct any other than a special verdict when appellant had requested that none other be directed. This ob-

jection is apparently based upon subsection 2, of section 327, of the Code, which provides that on the finding of a special verdict "the jury shall return a special verdict. only, and the court shall render judgment upon it." The court did not err in this.

The subsection quoted is intended as a limitation upon the power of the jury to return any character of verdict when not otherwise directed by the court. It was not intended to restrict the court as to the character of verdict it might direct. Section 317 provides. that in case of special verdicts the court *may* reserve the questions of law until the special findings are had. It is not compelled to do so. Where the court directs. special findings it should be in reference to every fact essential to make out a cause of action or defense, so that, on the return of the answers, there is nothing for the court but to apply the law to the established facts, and enter judgment accordingly. In such case there is. no necessity for a general verdict, for the special, when. of the character indicated, controls the general verdict, but such a general verdict may be directed at the pleasure of the court and as well a separate general verdict. Where all the essential facts are found under special direction the question of negligence and its degrees is. a question of law for the court alone. (Wilty v. C. & O. & S. W. R. R. Co., Kentucky Law Rep., volume 6, number 6, 82 Ky., and Adams' Adm'r R. R., MS. opinion, March 12, 1885.)

The special findings of facts asked for by appellant, with the answers thereto, are as follows :

*First.* Did the roof or ceiling of defendant's mine,

at the place where John McIntosh was killed, fall for the want of props under said ceiling?

Yes.

*Second.* If there were props under said roof or ceiling at the point mentioned in question number one, before said John McIntosh was killed, were said props knocked down or displaced? If so, when and by whom was it done?

No props.

*Third.* On the day and at the time of the said accident, did John McIntosh know that said roof or ceiling at said place was unpropped?

We can not tell.

*Fourth.* Before and at the time of said accident, did the defendant, or its 'business manager or pit-boss, know that the ceiling or roof of defendant's mine, at the place where said accident occurred, was unpropped and in a dangerous condition?

Yes.

*Fifth.* If said roof or ceiling at said point was in an unpropped and dangerous condition, could the defendant, by the exercise of ordinary vigilance on the part of its business manager or pit-boss, have known the same in time to have prevented said accident?

Yes.

*Sixth.* At the time when said accident occurred was said John McIntosh engaged in the work he had been employed by the defendant to do, and was he at the place or point in said mine where he was required by said employment to be?

Yes.

*Seventh.* Could John McIntosh, by the exercise of

ordinary care for his own safety, have avoided the accident which resulted in his death?

No.

The court, of its own motion, then instructed the jury:

"That if they should find, under the separate issue of negligence as submitted, that John McIntosh was killed by reason of the negligence of defendant in failing to properly care for and protect the roof of its mines, then they should find a general verdict for the plaintiff, fixing her damages."

Under this instruction the jury returned the damages at $3,000. On the measure of damages the court directed that they might find punitive damages as authorized by the statute. The responses of the jury to the special inquiries rendered any other instructions unnecessary except those as to damages and the measure thereof, which were given.

The jury found the existence of all the facts essential to the determination of the issues of negligence and contributory negligence. They found that the roof fell for the want of props; that there had been no props under that portion of the ceiling; that appellant knew before and at the time of the accident that the roof was unpropped and in a dangerous condition; that McIntosh, at the time of the killing, was engaged in the work he had been employed by appellant to do, and was at the place where his employment required him to be; and that he could not, by the exercise of ordinary care for his own safety, have avoided the accident. These facts on the issues as made constituted willful negligence on the part of appellant, and as what con-

stitutes willful neglect is a matter of law for the court, and the amount of damages having been assessed, there was nothing for the court to do but to render judgment for appellee for the assessed damages. Counsel discussed at great length the evidence bearing upon the second special findings, insisting that the evidence does not authorize them. It is sufficient to say that we must treat the evidence as to special findings as we do that upon a general verdict, and that we will not disturb the one or the other unless the conclusion of the jury is flagrantly against the evidence. In this case there is some conflict in the evidence upon several questions submitted, but the findings by the jury are by no means without support from the evidence. It is needless, therefore, to discuss the evidence in detail. Negligence being a question of law for the court under the special findings, it is immaterial what instructions the court gave as to the degree of negligence that would authorize a recovery, and equally unnecessary to inquire into the correctness of the instructions given upon the whole law of the case under the direction for a general finding.

There is a motion in the case made by counsel for appellee to dismiss the appeal upon the ground that appellant's right to prosecute the appeal had ceased because appellant had compromised with appellee, without the consent of her counsel, after judgment *supersedeas*, by which appellee released all claim against appellant when appellant knew that one-half of the judgment obtained belonged to appellee's counsel. This motion must be denied, because there is no plea by verified answer to raise the issue, as required

by section 758 of the Code, and because the facts, as exhibited, do not show a satisfied judgment.

Judgment affirmed.