## GATES *v.* SCHOOL DISTRICT.

### Opinion delivered March 11, 1893.

1. *Practice—Necessity of motion for new trial.*

Where it appears, from the general verdict and the special findings of the jury, that the judgment of the trial court was erroneous, a 'motion for new trial is unnecessary to bring the judgment before the supreme court for review.

2. *School superintendent—Damages for discharge.*

Where a school district employed plaintiff as superintendent of its public schools for a stated time at a certain compensation for the whole period, and discharged him without cause before expiration of the time, the district is liable for damages ; and where suit is brought on the contract after the term of service has expired, the contract price is *prima facie* the measure of damages.

3. *Mitigation of damages—Curtailment of expenses of living.*

The school district is not entitled to a reduction in the damages recoverable against it to the extent that plaintiff's expenses of living during the period of employment were curtailed by reason of the fact, that he removed from the city to the country after his unlawful discharge, such expenses constituting no part of the cost of performance of the contract.

4. *Reduction of damages by work done.*

Where, after his wrongful discharge, plaintiff removed from the city to country, and engaged in work upon his own farm that was incompatible with the performance of the services he had undertaken, the school district is entitled to a reduction of the damages to the extent of the value of such work.

Appeal from Sebastian Circuit Court, Fort Smith District.

R. T. POWELL, Special Judge.

*J. B. McDonough* and *Edgar E. Bryant* for appellant.

1. No motion for a new trial was necessary, as all the facts are settled, and only a question of law remains. 43 Ark. 403 ; 40 *id.* 327 ; 20 Cal. 387 ; 54 Ind. 193 ; Mansf. Dig. secs. 5142, 5177, 5178–9.

2. Plaintiff, being wrongfully discharged, was entitled to recover the contract salary, subject to be reduced only by what he earned or might with due diligence have earned by his labor during the breach. 9 Ark. 394; 52 *id*. 280; 2 Suth. Dam. 473 and cases cited.

3. It was error to deduct $48 for plaintiff's time and labor on his farm. 45 Mich. 375; Wood, Mast. & S. sec. 125, p. 243.

4. It was also error to reduce plaintiff's damages by deducting his savings in expenditures for rent and living and the value of his services as a farm hand on his own farm. Wood, Mast. & S. sec. 125; 2 Suth. Dam. 473; 65 Pa. St. 459; Sedg. Dam. secs. 208, 667; 68 Mich. 238; 63 Pa. St. 97; 24 Wis. 630; 7 Cal. 569; 61 Ga. 429; 67 Me. 64; 27 Miss. 305; 31 *id*. 361; 1 Mo. App. 172; 23 Gratt. 521; 121 Ind. 422; 39 Iowa, 114; 44 Pa. St. 99; 3 Johns. 518; 9 *id*. 138; 1 Mason, 51; 61 N. Y. 362; 4 Md. 609; 89 N. Y. 527; 68 Pa. St. 168; 5 Am. & E. Enc. Law, p. 35; 63 Mich. 276; 24 N. E. Rep. 54; 2 S. W. Rep. 801; 87 Ala. 213. 33 Ark. 547 may be the law for contracts for *specific* work, but not for contracts for services where the whole time of the employee is contracted for. 52 Ark. 117. Living expenses have nothing to do with the measure of damages. They are uncertain, remote and speculative. 9 Exch. 341; 16 N. Y. 489; 72 Am. Dec. 552; 84 *id*. 303; 96 *id*. 519; 44 Md. 280; 46 Miss. 480; 33 N. J. Law, 517; 69 Am. Dec. 718 and note 724; 65 N. C. 271; 75 *id*. 414. The authority bearing nearest on the question is 112 Mass. 492. See also 2 Cush. 46.

*Rogers & Read* for appellee.

1. No motion for new trial was filed. 26 Ark. 536; 27 *id*. 464, 549; 46 *id*. 17; 53 *id*. 204.

2. The saving in expenses and the amount earned by plaintiff were properly deducted. 33 Ark. 545–7; 45

*id.* 524–9 ; 51 *id.* 212 ; 52 *id.* 117 ; 16 Am. St. Rep. 403–6 ; 37 Conn. 520 ; 3 Parsons, Cont. 189. All that plaintiff was entitled to recover would be the amount that would have remained to him out of the contract price after deducting the expenses he would have incurred in doing the work, and the value of the time occupied at other remunerative business.

BATTLE, J. The School District of Fort Smith, in May, 1888, employed N. P. Gates to superintend its public schools for twelve months, commencing on the first of July, 1888, and ending on the 30th of June, 1889, and agreed to give to him for his services a salary of $1800 per annum, payable in monthly installments of $150. He entered upon the discharge of his duties as such superintendent, and continued to discharge them from July 1st, to November 7th, 1888, when the school district discharged him without cause, and refused to allow him to act any longer as such superintendent, although he was willing and offered to perform his contract. On the 13th of February, 1891, he brought an action against the school district for $335 for services actually rendered the defendant from September 1, to November 7, 1888, and for $1165 for damages sustained by him on account of the refusal of the defendant to permit him to fully perform his contract.

The defendant answered, saying that the plaintiff had failed, after his discharge, to make diligent and reasonable efforts to obtain employment in the line of his profession, and instead thereof removed to his farm in Washington county, in this State, a distance of nearly one hundred miles from Fort Smith, and there devoted a part of the year to farming and improving his fruit farm, and was benefited by so doing in the sum of $1200 ; and insisted that this amount should be deducted from any damages the plaintiff might recover.

In the trial of the action, the court gave to the jury an instruction numbered ten and in the following language: "You are instructed that whatever plaintiff earned by his labor and the benefits received therefrom upon his farm, and whatever benefits he received by reason of his labor, residence upon, and personal supervision of, his farm, should be deducted from the contract price in estimating plaintiff's damages."

And also gave an instruction numbered eleven in the words following: "You are instructed that the necessary expenses in carrying out plaintiff's contract with defendant that were saved by plaintiff and rendered unnecessary by his removal to his farm should be deducted from the damages recovered by the plaintiff."

And instructed them to return special verdicts in answer to the following questions: "No. 1—What do you assess, if any, under court's instruction number eleven, for the amount of the expenses saved by plaintiff by his removal from Fort Smith to his farm?" "No. 2—What amount, under court's instruction number ten, do you assess for whatever was earned by plaintiff by his labor and benefits he received by reason of his labor, residence upon, and personal supervision of, his farm?"

The jury returned into court a verdict as follows: "We, the jury, find for the plaintiff in the sum of $335 with interest from November 7, 1888, at the rate of 6 per cent. per annum; and we, the jury, find for the plaintiff in the sum of $768 with interest from June 30, 1889, at the rate of 6 per cent per annum.

"H. M. TATE, Foreman."

And answered the questions propounded to them by saying in reply to the first, $48, and to the second, $349. The plaintiff thereupon moved for a judgment for the sums found for him in the general verdict and the $349 and $48 and interest thereon, but the court denied the

motion, and rendered a judgment in accordance with the general verdict.

Plaintiff presented his bill of exceptions, which was signed and made a part of the record; and he appealed to this court without filing a motion for a new trial.

1. When motion for new trial unneccessary.

The general verdict and special findings of the jury clearly show the facts upon which the judgment of the court was based. The error complained of by the appellant is the failure of the court to pronounce judgment according to such facts and the law of the case. He insists that judgment should have been rendered in his favor against the appellee for the $335 and $1165, and interest, without deduction; and this is the only error of which he complains. Inasmuch as the facts upon which this complaint is predicated appear in the verdicts of the jury, upon which the judgment of the court was rendered, no motion for a new trial was necessary to bring it before this court for review. Mansfield's Digest, sec. 5143; *Smith* v. *Hollis*, 46 Ark. 17; *Louisville, etc. R. Co.* v. *Brice*, 84 Ky. 298.

2. Damages for discharge of school superintendant.

Did the court err? When one contracts to employ another for a stated time at a certain compensation for the whole period, and discharges him without cause before the expiration of the time, he is liable for damages. If the employee sues after the term of service has expired, the contract price is *prima facie* the measure of the damages he is entitled to recover. He is entitled to recover it, unless the defendent by evidence shows that the damages sustained were actually less. *Walworth* v. *Pool*, 9 Ark. 394; *Costigan* v. *Railway Co.* 2 Denio, 609; *Gillis* v. *Space*, 63 Barb. 177; *Jaffray* v. *King*, 34 Md. 217; *King* v. *Steiren*, 44 Pa. St. 105.

3. Damages not reduced when.

The fact, the appellant was discharged, without cause, before the expiration of the time for which he was employed, and his right to recover his wages, are established by the verdict. But the jury found that he cur-

tailed his expenses, after he was discharged, by removing from Fort Smith to his farm, and the appellee contends that it is entitled to a reduction in the damages recoverable against it to the extent they were reduced. Is it entitled to the reduction?

To support its contention, appellee cites *Brodie* v. *Watkins*, 33 Ark. 545. Turner, an attorney, was employed to bring that action to enforce the collection of a claim. He was to receive 10 per cent. of the amount collected. It was necessary for him to bring the action in a distant county. To render the services he contracted to perform, he was compelled to leave home and incur expenses in the way of traveling and hotel bills. He was discharged without cause during the pendency of the action. He offered to perform his contract. When judgment was recovered, he claimed a lien on it for the 10 per cent. he was to receive ; and the court held that he was entitled to recover it, less the said expenses he would have incurred in the event he had performed the stipulated services.

The principle upon which the compensation of Turner in *Brodie* v. *Watkins* was reduced is not applicable to a case like this. Turner was compelled to leave home to perform his contract. Had he reduced his expenses of living at home on account of his discharge, his client would not have been entitled to the benefit of the reduction in the way of a credit on the fee he was to pay. Such expenses would have constituted no part of the cost of the performance of the contract. They depended on circumstances wholly independent of the contract, and may have been as great or small as Turner had the will and ability to make them.

While Gates was performing his contract, he resided at Fort Smith. He had the right to reside there. His contract with the appellee did not bind him expressly or impliedly to regulate his expenses in any particular man-

ner.   All it was entitled to from him was the faithful
performance of their contract on his part, and he to the
reward he was to receive for his services.   His expenses
were none of its concern, and affected it in no manner.
He had the right to regulate them as he had the will and
ability to do, and to indulge in the luxuries and comforts
of life, according to his capacity.   His discharge did not
affect his right or duty to do so, but limited his financial
ability, and thereby his control over his expenses.   For
the comforts, pleasures and luxuries he may have denied
himself and family by reason thereof, the appellee is en-
titled to no reduction in the damages for which it may
be liable.   He is not indebted to it in any way for the
enforced frugality.   For the hardships or denials im-
posed, or change of residence made necessary, by its
wrongful acts, it is entitled to no reward.

4. When
damages re-
duced.

.The jury also found that the value of Gates' labor
upon his farm and his supervision of the same was $48,
and deducted this amount from his damages.   The au-
thorities are not agreed as to the appellee's right to this
reduction.   In *Harrington* v. *Geis*, 45 Mich. 374, the
right is denied, and in *Huntington* v. *Ogdensburgh, etc.
Railroad Co*. 33 How. Pr. 416, it is sustained.   But the
better rule seems to be, the deduction ought to be made
if the work performed on his own account was incompat-
ible with the performance of the service stipulated to be
performed under the violated contract ;   otherwise it
should not.   In that way he would recover the damages
actually sustained.   *Jaffray* v. *King*, 34 Md. 222 ; 2 Sedg-
wick on Damages (8th ed.), sec. 667.

Whether the work performed by Gates on his own
account was compatible with the service he contracted
to do for the appellee does not appear in the verdict or
special findings of the jury.   Placing a fair and reason-
able construction on the findings of the jury which is

most favorable to the judgment of the court, as we should, the reduction was properly made.

According to the verdict and special findings of the jury, judgment for the $349 and 6 per cent. per annum interest thereon from the first of July, 1889, should have been rendered in favor of the appellant against the appellee in addition to the amounts recovered; and it is so ordered.