## Willie Fowler and Okla Fowler v. Commonwealth.

(Decided May 30, 1922.)

### Appeal from Clinton Circuit Court.

1. Robbery—Circumstantial Evidence.—A conviction of the crime of robbery may be had upon circumstantial evidence alone.

2. Witnesses—Capacity and Qualifications.—The fact that the prosecuting witness was past eighty years of age, dim of eye and dull of hearing, does not render him incompetent as a witness but merely goes to the credibility of his evidence.

3. Criminal Law—Deliberations of Jury—Discretion.—The trial judge has a broad discretion as to how long a jury, to which a felony case has been submitted, shall continue its deliberations. A jury which has under consideration a case only three hours may be kept together for further consideration of the case, although the jury report to the court it is unable to agree.

4. Criminal Law—Deliberations of Jury.—In returning a jury to its room for further consideration of its verdict, the court may, with propriety, state to the jury that it is its duty, if it can reasonably do so, to find and return a verdict and may tell the jury that it is expensive to the Commonwealth to have a retrial as well as it is to the defendant, and that it will be to the interest of both parties for the jury to reach a verdict rather than have a mistrial. Such admonition is not improper.

S. G. SMITH and BERTRAM & BERTRAM for appelants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On the night of March 1, 1922, William Brumley, Sr., ninety-eight years of age, living alone in Clinton county, was tied hands and feet, in bed, in his home and robbed of about fifty dollars in money. As soon as he could unloosen himself after the robbers' escape, he sounded a large dinner bell as a signal to his sons, who lived nearby, and they came to his assistance. Four or five days later Mr. Brumley made an affidavit before a magistrate, and procured a warrant of arrest to be issued for Willie Fowler and Okla Fowler, brothers, charging them with the commission of the robbery. They were arrested and at the succeeding April term of the Clinton circuit court, indicted for the crime of robbery. A trial resulted in their conviction of the crime charged, Willie's punishment being fixed at three years' confinement in the state penitentiary, while Okla was adjudged to serve two years in the same institution. They appeal.

They ask that the judgment against them be reversed for three reasons set forth in their motion and grounds for new trial, filed in the lower court, as follows:

(1) Because the verdict is against the law.

(2) The verdict is palpably against the evidence.

(3) The court, after the jury reported it could not agree upon a verdict, erroneously gave to the jury an admonition which compelled the jury to return a verdict.

These grounds will be considered in the order set forth.

(1) In urging that the verdict was contrary to law appellants' counsel say in brief that before one can be convicted of a crime charged it must be proven beyond a reasonable doubt, and that nothing short of this will satisfy the law nor sustain a conviction. This is correct. The argument, however, upon this alleged ground for a reversal relates alone to the sufficiency of the evidence to sustain the verdict, and shades into the second alleged ground wherein it is attempted to be maintained that the verdict is palpably against the evidence, and we think it can be as well considered under the second head as the first.

(2) Practically all the evidence introduced for the Commonwealth, except that given by the prosecuting witness, was circumstantial. The aged witness, William Brumley, was, like most persons of his age, deficient both in eyesight and hearing. He says he was asleep in bed

at the time the invaders of his home began to tie his hands and feet. He testified, however, that he recognized both appellants as members of the gang of robbers, which consisted of three persons, but he did not know or at least did not recognize the third person. It is urged on behalf of the appellants that this evidence is not to be credited because the old gentleman's eyes were so dim that he could not in a poorly lighted room recognize any one nor could he hear with sufficient distinctness to certainly recognize the voices of his assailants. They further say that the old man did not tell any one immediately after the robbery whom the malefactors were, but waited until his sons and neighbors had tracked the criminals from his house for two and one-half miles in the direction of the river, and had back-tracked them for about one-half mile in the direction of the home of the mother of appellants. It must be admitted that these are strong circumstances which address themselves to the sound discretion of the jury who alone were authorized to find the fact. Notwithstanding these circumstances, the jury after careful deliberation decided that the old gentleman did in fact recognize appellants as two of the robbers, and found them guilty. In other words, there is not a total absence of direct evidence tending to show the guilt of appellants, although this direct evidence is assailed in the way and manner above set out. The fact that the old man did not tell the first persons who came to his home after the robbery that the Fowler boys had participated in the commission of the crime only tends to discredit his evidence, but it does not prove that appellants were not parties to the crime. He may have been wise enough to keep his own counsel until the appellants were located. There is other evidence which strongly corroborates that of Mr. Brumley. For instance, it is proven that one of appellants on the night of the robbery wore a pair of old rubber boots or shoes, which made a peculiar track, easily recognized; that a heavy rain had fallen in the early hours of the night and the tracks were plainly to be seen in the mud. Several witnesses testified that they examined the tracks of the three persons who had visited the home of Mr. Brumley on that night and found that one of them had worn such a pair of rubber boots. The tracks came from the direction of the home of Mrs. Fowler where the appellants lived, and they on leaving Brumley's house went in the direction of the river, where it is shown appellants actually went

on that night to catch a passenger boat for the purpose of making a journey down the river. These were strong circumstances, especially when taken in connection with the evidence of Mr. Brumley to the effect that he recognized the two appellants as members of the robbing crowd. If there is any substantial evidence tending to support a verdict of conviction in a criminal case it cannot be set aside as against the evidence, unless it be flagrantly so. Empire Coal & Mining Co. v. McIntosh, 82 Ky. 554; L. & I. R. R. Co. v. Roemele, 157 Ky. 84; L. & N. R. R. Co. v. McArthur, 163 Ky. 291; Interstate Coal Co. v. Shelton's Admr., 160 Ky. 40.

(3) The trial was begun on April 20th; the jury was selected and part of the evidence heard. On the morning of the next day the arguments were concluded and the case submitted to the jury about nine o'clock. After deliberating for a short time the jury reported to the court that it could not agree upon a verdict, but was returned to the jury room. Court adjourned for the noon hour and after the jury had eaten dinner it returned to the court room about one o'clock and reported again that it was unable to make a verdict. Thereupon the trial judge gave the jury an admonition, of which complaint is made. The jury had not considered the case more than three hours, which was not an unusual length of time for a jury to deliberate upon a case of such magnitude. A trial judge has a broad discretion in the matter of holding a jury to which a criminal case has been submitted. The criminal Code, section 255, provides that if after the jury has been kept together for sufficient length of time, in the discretion of the court, to make a verdict and has not done so, it may be discharged, especially where it satisfactorily appears to the court that there is no probability that the jury can agree. The whole question is within the sound discretion of the trial judge. In receiving the report of a jury that it has been unable to agree upon a verdict, it necessarily becomes the duty of the trial judge, if he thinks proper, to return them to their room for further consideration of the case, and to give them an admonition concerning their duties, but not necessarily as to the law of the case. In this case the court merely stated to the jury, in substance, that it was its duty to make a verdict if it could do so; that the prosecuting witness was so very old that he might die before the next term of the court, or be unable to attend the court as a witness, and that one of the defendants, Willie Fowler, resided in the

state of Indiana, and no doubt desired to return to his home and would be inconvenienced by a mistrial of the case to the extent of being required to again return to Kentucky for trial; that it would be to the advantage of both the Commonwealth and the defendants to have a final determination of the case rather than a mistrial. There was nothing improper in such admonition to the jury. Gilbert v. Commonwealth, 21 Ky. L. R. 415; Chaplin v. Commonwealth, 142 Ky. 782; Sandefer v. Commonwealth, 143 Ky., 655. Such admonitions are frequently given to the jury under the broad discretion reposed in trial courts for the expedition of the trials of the multitudinous cases confided to the jurisdiction of those tribunals. The admonition of which appellants complain did not indicate in any way the trial judge's opinion of the guilt or innocence of appellants, or what should be the verdict of the jury. It merely urged the jury to make a verdict if it could reasonably do so, without indicating the nature or kind of verdict it should return. This admonition to the jury contained nothing prejudicial to the rights of appellants.

Judgment affirmed.