## WRIGHT vs. FALKNER.

[ACTION FOR BREACH OF SPECIAL CONTRACT.]

1. *Damages for breach of contract.*—In an action for a breach of contract,—by which plaintiff agreed to serve defendant, in the capacity of an overseer, for the term of one year, but was discharged, without fault on his part, before the expiration of the year,—if the suit is commenced before the expiration of the year, the plaintiff can only recover unliquidated damages for the breach of contract; and it cannot be assumed, as a matter of law, that the stipulated wages for the entire year would be the measure of damages.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. ROBERT DOUGHERTY.

Wright v. Falkner.

THIS action was brought by Richard Falkner, against William Wright, and was commenced on the 12th August, 1859. The complaint contained the common count for work and labor, and a special count in the following words : " Plaintiff claims of defendant the sum of $150 damages, for the breach of an agreement entered into between them on the 24th of January, 1859, by which defendant promised, if plaintiff would overseer for him, on his farm in Butler county, from that time until christmas, 1859, that he would have plaintiff's washing done, and would give plaintiff one hundred and fifty dollars for his services ; and plaintiff avers, that he commenced work for defendant, as his overseer, under said contract, on the 31st January, 1859, with the full knowledge and consent of said defendant, and fully and faithfully performed his duties as such overseer, under and according to said contract, and continued to perform them so long as said defendant permitted him to do so ; but he avers, that said defendant, on the 4th August, 1859, without any just cause, turned him off from his employ, and refused to allow him to perform his part of said contract ; and that said defendant then refused, although thereto requested, and does still refuse, to pay him the $150 so promised to him, or to make any just compensation for said breach of said contract."

"On the trial," as the bill of exceptions states, "the proof showed, that the plaintiff and defendant entered into a contract, about the 24th January, 1859, by which plaintiff agreed to serve defendant as an overseer for the balance of that year, for the sum of $150 ; that the plaintiff entered upon the performance of said contract, and continued with the defendant until about the 1st August, 1859, when the defendant turned him off ; but the proof was conflicting, as to whether or not the defendant was justified in so turning him off. The court charged the jury, that if they believed, from the evidence, that the plaintiff and defendant entered into a contract at the time alleged in the complaint, by which the plaintiff agreed to serve the defendant as an overseer for the balance of that year, for the price of $150,

which the defendant agreed to give ; and that the plaintiff entered upon the discharge of his duties under said contract, and continued to discharge his duty properly until August, 1859, when he was discharged by the defendant, without sufficient cause, then the plaintiff was entitled to recover the whole amount which the defendant had agreed to give him for his year's wages, with interest thereon, from the time he was discharged by the defendant, up to the time of the trial." The defendant excepted to this charge, and he now assigns it as error.

BAINE & NESMITH, for appellant.

ADAMS & HERBERT, *contra*.

STONE, J.—The present suit was instituted before the expiration of the term during which Mr. Falkner had agreed to serve Mr. Wright in the capacity of overseer. Hence, under the authorities, we must hold, that Mr. Falkner did not elect to regard the contract as continuing, but as ended by the act of the opposite party—Mr. Wright.—*Ramey v. Holcombe*, 21 Ala. 567, and authorities cited. His suit, then, was for *unliquidated damages*, and not for *wages* due for the whole year, under the terms of his contract.—*Fowler v. Armour*, 24 Ala. 194. "In such case, the amount of wages for which he had stipulated would not be the measure of damages. His actual damage, all the circumstances considered, whether more or less than that, would be the true measure of the amount which he would be entitled to recover."—*Fowler v. Armour, supra.*

In this action, brought at the time it was, it cannot be affirmed, as matter of law, that the plaintiff is entitled to recover the entire wages agreed on.

Reversed and remanded.