MONROE B. WASHBURN, Respondent, v. ALBERT HUBBARD and others, Appellants.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

Estimates of probable sales furnish no proper criterion for fixing damages actual damages, and actual loss of profits, only, can be recovered.

Accordingly, in an action for breach of a contract to continue the plaintiff as the defendants' agent for the sale of car springs, and allow him commission on sales,—*Held*, that evidence of the amount of profits which might have been made during the term of the contract, based upon a calculation of the probable amount of sales during such term, was inadmissible to establish the plaintiff's damages.

THIS was an appeal by the defendants from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was for damages on account of breach of contract. It appeared, upon the trial, that the defendants, who were copartners, and engaged in the manufacture of car springs, at Springfield, Mass., under the firm name of "The Hubbard Car Spring Company," entered into an unwritten agreement with the plaintiff, on the first of January, 1869, by which the plaintiff agreed to become their general agent for selling the Hubbard car spring, a patented article under letters-patent, running for seventeen years, from March, 1866. By this agreement the plaintiff obliged himself to devote a large portion of his time to the business of introducing the springs into the market and making sales of them, and he was to advertise the springs at his own cost; the defendants promised, in consideration, to constitute and continue him their general agent, for sale, upon commission, of all the springs which they should manufacture under their letters-patent, and in case of their disposal of the manufacturing business or letters-patent, or any rights to manufacture thereunder, or of then allowing the same to be sold, to provide that he should still remain agent of their vendees upon the same terms. The contract provided for continuance of the agency during the whole term for which the letters-pattent were issued.

It further appeared that in September, 1869, the defendants, without making any provision for a continuance of the defendant's agency or employment, permitted a transfer of letters-patent under which they acted to the Union Car Spring Company, and it was for this violation of their contract that the plaintiff brought his suit, he having performed all his part of the agreement, and expended money and time in successfully introducing the spring into market.

The defendants moved the referee, after proof of the contract to strike out the evidence, as showing the alleged contract to have been void under the statute of frauds, as not capable of performance within one year. This motion was denied, and the defendants excepted.

The plaintiff, in proof of the value of the contract for the term of seventeen years, and of the damage which he had sustained by loss of the privilege provided for by the contract during the term of the letters patent, offered evidence of the amount of profits which might have been made during the term, based upon a calculation of the probable amount of sales of the springs during that time. The defendants objected that if the contract should be held to be valid, damages could not be allowed for its breach which had been sustained after commencement of the action; that no claim could be made for damages for more than a year from the date of the contract, and that only actual loss could be recovered, and claimed that the proof offered was speculative and inadmissible. The objections were overruled, and the evidence was admitted. Exceptions were duly taken to the findings, sustaining the contract as valid and allowing damages upon the basis of prospective profits.

*Smith & Woodward*, for the appellants. The contract was not by its terms to be performed within one year, and was not in writing, and is void. (2 R. S., p. 135, ch. 7, tit. 2, § 2; *Broadwell* v. *Getman*, 2 Denio, 87; *Wier* v. *Hill*, 2 Lans., 278; *Dobson* v. *Collis*, 37 Eng. L. and Eq., 499; 1 Smith's Leading Cases, part 1, p. 543; *Halloway* v. *Hampton*, 4 B.

Washburn *v.* Hubbard.

Monroe, 415 ; *Harris v. Porter*, 2 Harrington, 27.)    The referee erred in applying the rule of damages as laid down in *Taylor* v. *Bradley*, 39 N. Y., 129 ; *Shannon* v. *Comstock* (2 Wend., 457 ) ; *Costigan* v. *Mohawk and H. R. R.* (3 Denio, 609). Also in admitting evidence of profits, which were speculative and too remote to form a proper basis of calculation in finding the amount of damages.   (*Masterton* v. *The Mayor, etc., of Brooklyn,* 7 Hill, 62 ; *Foy* v. *Harding,* 7 Cush., 516 ; *Shannon* v. *Comstock,* 21 Wend., 457 ; *Schooner Lively* v. *Gamion,* 1 Galison, 314, 315 ; *Blanchard* v. *Ely,* 21 Wend., 342.)

*Jno. L. Hill,* for the respondent, cited *Peter* v. *Compton* (1 Smith's Leading Cases 143) ; *Kent* v. *Kent* (18 Pick., 569) ; *Peters* v. *Westboro* (19 id., 364) ; *Blake* v. *Cole* (22 id., 97) ; *Roberts* v. *Rockbottom Co.* (7 Met., 46) ; *Clark* v. *Thompson* (20 Conn., 495) ; *McLees* v. *Hale* (10 Wend., 426) ; *Plimpton* v. *Curtiss* (15 id., 336) ; *Allicot* v. *Turner* (4 Md., 476) ; *Howard* v. *Bergen,* (4 Dana, 137) ; *Dresser* v. *Dresser* (35 Barb., 573 ); *Moore* v. *Fox* (10 Johns., 244) ; *Artcher* v. *Zeh* (5 Hill, 20). As to the measure of damages : *Taylor* v. *Bradley* (39 N. Y., 129) ; *Passinger* v. *Thorburn* (34 id., 634) ; *Bagley* v. *Smith* (10 id., 489).

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT J.    The plaintiff was permitted to give evidence " of the amount of profits which might have been made during the term of the agreement (seventeen years), based upon a calculation of the probable amount of sales of car springs during said term," and the defendant excepted. We think the evidence was inadmissible, and the finding based thereon erroneous.    Assuming that this is a case for the application of the rule of damages adopted by the referee, the amount thereof should have been ascertained by the testimony of witnesses competent to express an opinion on the subject. The question was, what was the value of the contract when the breach occurred ?    The form of proof prescribed in the

case of *Taylor* v. *Bradley* (39 N. Y., 145) is the same which is adopted for the purpose of ascertaining the market value of goods on a particular day, and the value of a lease, namely; " The judgment of men whose knowledge and whose experience in the same, or like matters, enables them to form a judgment on the subject." The court in this case also say, "if it cannot be proved, then the plaintiff can only recover nominal damages." Estimates of probable sales furnish no proper criterion for fixing damages. Actual damages and actual loss of profits only can be recovered. (*Bagley* v. *Smith*, 10 N. Y., 489.) In this case the only evidence on the trial on the subject of damages, was the amount of past profits. The court instructed the jury that this did not furnish a rule of damages, but that they should allow for the fluctuations of trade, and the effects of competition, and that the amount thus ascertained was subject to a further deduction of whatever the plaintiff actually made, or by reasonable diligence could have made, during the period for which the recovery was had. These instructions have been approved by the appellate court. If the rule of damages thus established is to become permanent, great strictness should be observed in applying it. Probable value or profits is neither a precise nor a safe basis for estimating damages.

For this error, without considering the other questions involved, the judgment must be reversed, and a new trial granted at the Circuit, with costs to abide the event.

Judgment reversed.