## KNUTSON vs. KNAPP and others.

EMPLOYER AND EMPLOYEE.   (1) *Contract for service construed.* ⹁ (2) *When cause of action for services rendered arises, after breach of contract by employer; and* (3) *After breach by employee.* (4) *Court and jury.*

1. Plaintiff engaged in lumbering in defendants' employ, agreeing to work for them "according to the rules of their establishment," and signed a memorandum which stated the " time hired for" at four and a half months, the rate of wages at $20, the amount " less per month if agreement is broken " at four dollars, and the " time of payment', as at the " end of time."   He received a card as follows:   " K., hired Nov. 26, 1872, at $20 per mo.   Quit, $4 less.   Ox-teamster and cross-cut-sawyer."   One of the "rules" of the establishment (printed on the back of such card) was:   " In case of breach or non-fulfillment of contract, the ·time of payment shall not be changed, but balance of account, if any, shall be due and payable at same time and manner as though the term of agreement was fully consummated."   *Held*,

Knutson vs. Knapp and others.

that the contract must be understood to mean that the time of pay-
ment should not be changed in case of a breach or non-fulfillment of
the contract *on the part of the employee.*

2. If, therefore, plaintiff was discharged from defendants' employ before
the end of his term, *without just cause,* he might sue immediately
upon the contract, and recover thereon for his services to the time of
his discharge.

3. If plaintiff had been discharged from defendants' service for just
cause, he could not maintain *any* action for his services (either upon
the contract or upon a *quantum meruit)* until the expiration of the
time named in the contract.

4. This action being brought before the end of the time contracted for,
and there being some evidence tending to show that plaintiff had ful-
filled the contract on his part until his discharge, that question should
have been left *to the jury,* with an instruction that if he was discharged
for just cause, he could not recover anything in the action.

APPEAL from the Circuit Court for *Dunn* County.

This action was commenced February 23, 1873. The com-
plaint alleged, in substance, that on the 26th of November,
1872, plaintiff agreed with defendants to work for them (as ox-
teamster and cross-cut sawyer) for a term of four and a half
months, at the rate of $20 per month, payable at the expiration
of said term of service; that plaintiff, in pursuance of said
agreement, worked faithfully for defendants for seventy-seven
days according to the terms of said contract, and such services
were reasonably worth said rate of $20 per month; that before
the expiration of said term, and after said labor was performed,
defendants, without any just cause, discharged plaintiff from
their employ, to wit, on the 22d of February (1873); that the
sum of $59.29 then became justly due and payable from de-
fendants to plaintiff, no part of which has been paid, etc.; and
judgment is demanded for that sum.

The answer alleged, that by the terms of the special agree-
ment between the parties, the time of payment was fixed at the
expiration of the four and one-half months, and any neglect or
refusal of the plaintiff to work according to the rules and cus-
toms of the defendants was to be considered a violation of the

Knutson vs. Knapp and others.

contract. It also alleges that the plaintiff neglected and refused to perform his said agreement; that he refused to obey the defendants and their agent, and endeavored to dissuade defendants' employees from working and performing their contracts; and that the defendants discharged him for such violation of his agreement.

The testimony of the plaintiff tended to show that he worked faithfully for the defendants, and as well as he could, obeying commands, and was discharged without knowing the cause. The testimony on the part of the defense tended to show that he did not obey the overseer, and refused to work faithfully and according to the rules and customs of the defendants, and endeavored to persuade the other men from working according to their agreement; and that he was discharged for these reasons.

It appeared that the terms of the agreement between the parties were entered in defendants' " Agreement Book," in which there were entered, in such cases, in eight parallel columns, the following items: 1. Name (of employee). 2. Date of agreement. 3. Time hired for, or date hired to. 4. Rate of wages. 5. Less per month, if agreement is broken. 6. Time of payment. 7. Trade or specialty. 8. Signature and remarks. The entry opposite the plaintiff's name, in the *third* column, was " 4½ months; " in the *fourth* column, $20; in the *fifth* column, $4; and in the *sixth* column, " End of time." At the head of the page was this form of agreement, with plaintiff's signature attached: " The following men agree to work for *Knapp, Stout & Co.*, according to the rules of their establishment, for the time and upon the terms set opposite their names, and in witness thereof have attached their signatures hereto." It also appeared that on entering into defendants' service, plaintiff received a " contract card," as follows: " *Allen J. Knutson,* hired Nov. 26, 1872, at $20 per mo. Quit $4 less. Ox-teamster and cross-cut sawyer." On the back of the card were printed the " rules" of the establishment, one of which was as follows:

" In case of breach or non-fulfillment of contract, the time of payment shall not be changed, but balance of account, if any, shall be due and payable at same time and manner as though the term of agreement was fully consummated."

During the trial, plaintiff asked leave to amend his complaint, and set up a cause of action on a *quantum meruit*, which was refused. An offer of the plaintiff to prove the value of his work and labor was also refused; and on defendants' motion, a judgment of nonsuit was rendered; from which plaintiff appealed.

*Bundy & Macauley*, for appellant:

1. The plaintiff had an election to sue for a breach of the contract, or to disaffirm the same and sue on a *quantum meruit.* 2 Kent's Com., 59, note 4; *Colburn v. Woodworth*, 31 Barb., 381: *Gordon v. Brewster*, 7 Wis., 355; *Danley v. Williams*, 16 id., 581. The complaint sets up the contract, and alleges good reasons for not fully performing, which is sufficient. *Jackson v. Cleveland*, 15 Wis., 107; *Warren v. Bean*, 6 id., 120; 1 Parsons on Con., 520, note (j); and the cases above cited. 2. The proof shows that the plaintiff is entitled to recover in some form, and he should have been allowed to amend the complaint. *Teetshorn v. Hull*, 30 Wis., 162; *Trowbridge v. Barrett*, id., 661. The amendment only proposed to set up the same cause of action in another way. *Muzzy v. Ledlie*, 23 Wis., 445; *Hall v. Gould*, 3 Kern., 127; *Duggan v. Madden*, cited in 4 Clinton's Dig., 3240. The offer to amend was made as soon as the point was raised, and did not come too late. *Tomlinson v. Wallace*, 16 Wis., 224.

*Hunt & Freeman*, for respondent:

1. The court below rightly excluded all evidence as to the value of the plaintiff's services. There is no *quantum meruit* count in the complaint. Nor was there any proof that the plaintiff had been wrongfully discharged. *Sharpe v. Johnson*, 60 Barb., 147. 2. The amended complaint was rightly excluded. It did not state a cause of action, because it did not

state facts excusing plaintiff from performing according to the terms of the agreement. *Warren v. Bean*, 6 Wis., 120. 3. The nonsuit was properly granted. There was an entire contract, and the lapse of the four and one-half months was a condition precedent to the right of action. Some of the cases hold that a laborer cannot immediately bring his action when there has been a breach of contract by the employer. 2 Smith's L. C., 27 et seq. Others hold that in a case like this, an entire performance of the labor is a condition precedent to any right of action. *St. Albans Steamboat Co. v. Wilkins*, 8 Vt., 54; *Hair v. Bell*, 6 id., 36; 12 Johns., 165, dissenting opinion: Chitty on Con., 272. The stipulation as to the time of payment is binding, and should be enforced. 2 Parsons on Con., 526; *Tipton v. Feitner*, 20 N. Y., 430; *Paige v. Ott*, 5 Denio, 406; *Jennings v. Camp*, 13 Johns., 94.

COLE, J. This was an action to recover the value of services performed under a special contract. The complaint is founded on this contract, and alleges that the plaintiff hired to work for the defendants for four and a half months from the 26th of November, 1872, at $20 per month, payable at the expiration of the time; that he faithfully worked under the contract for seventy-seven days, when the defendants, without any just cause, discharged him from their employ, to wit, on the 22d of February. The plaintiff commenced the action on the 25th of February, and the circuit court, after the testimony on both sides was in, granted a nonsuit, on the ground that the proof showed that the wages were not to become due until the expiration of the term of service, and that the action was prematurely brought. After the motion for a nonsuit was made, the plaintiff asked leave to amend his complaint and set up a cause of action on a *quantum meruit;* but the amendment, being objected to, was denied.

Among the rules referred to and made a part of the agreement under which the plaintiff was employed, was a stipulation

that in case of breach or non-fulfillment of the contract, the time of payment should not be changed, but the balance of the account should become due and payable at the same time and manner as though the agreement were fully performed. This was subject further to a deduction of $4 per month of the laborer's wages in case he quit before the expiration of the term of service.

It seems to us the court erroneously granted a nonsuit upon the testimony given on the trial. The cause of action stated in the complaint was, that the plaintiff was wrongfully dismissed from his employment and prevented by the fault of the defendants from performing the contract; and in that case his counsel contend he may sue at once and recover the contract price for his labor already rendered. . We think this position is sound, and must be affirmed as a proposition of law. It will be seen that by the terms of the contract the laborer did not forfeit his entire wages if he left his service voluntarily without cause before the time expired, but in that event his wages were subject to a deduction of $4 per month on the stipulated price, and were to become due and payable at the end of four and a half months from November 26, 1872. There could not, therefore, even when the laborer left without cause, be any question as to his right to recover, at the end of four and a half months, the contract price for services actually rendered, subject to that deduction. And the question is, whether, in case the plaintiff was wrongfully discharged from his employment, there is anything in the agreement, or any principle of law, which requires him to wait until the expiration of the term before bringing his action. We are clearly of the opinion that there is nothing in the contract which would prevent him from immediately bringing his action where the breach was caused by the acts of the defendants themselves. The stipulation that in case of a breach of the contract the time of payment should not be changed, evidently refers to a failure to perform on the part of the plaintiff. The counsel for the defendants insist that it re-

lates to both parties, and that it was intended to fix the time of payment where there was a breach or nonfulfillment by either party. But this is not our understanding of the stipulation. The rules and regulations incorporated into the special agreement are those which the laborers agreed to abide by who entered into the employment of the defendants; and those rules prescribe what shall be a justifiable cause for discharging them from their service. This fact, as well as the natural construction of the stipulation itself, satisfies us that it was not intended to apply to a case where the defendants committed a breach or discharged a workman without cause. That stipulation, therefore, can have no bearing upon the right of the plaintiff to bring his action when he was wrongfully dismissed from his service. Nor do we know of any principle of law which compels the plaintiff to wait until the expiration of the term of service before bringing an action to recover for work and labor actually rendered, where he has been prevented from performing his contract by the unjustifiable act of the employer. Such an action may be brought at once; but where the party seeks to recover his wages for the whole term according to the contract, a somewhat different rule prevails. See *Gordon v. Brewster*, 7 Wis., 355; *Danley v. Williams*, 16 id., 581; *Hochster v. De Latour*, 20 L. & Eq., 157; *Clossman v. Lacoste*, 28 id., 140; and cases referred to in note (j), 1 Parsons on Con., pp. 520–1, 4th ed. In this case the plaintiff sought to recover only for such services as he had rendered up to the time when he was wrongfully discharged.

The question whether the plaintiff was discharged for a justifiable cause, was one which should have been submitted to the jury. There was evidence from which the jury might have found, possibly, in his favor upon that question; at all events, the court should not have withdrawn the case from the jury. In view of the direct conflict in the evidence as to whether the plaintiff was or was not wrongfully discharged from his service, the court should have submitted that question to the jury, with

a direction that, if they found against the plaintiff on that point, then there could be no recovery. For the stipulation is very clear, that if the plaintiff was guilty of a breach of the contract, or was unable, on account of sickness or a like inability, to perform it, then he could only recover at the expiration of the term for services rendered, subject to the prescribed deduction. But the question whether the plaintiff was discharged without cause should have been submitted to the jury, in view of the evidence.

We do not think any amendment of the complaint was necessary upon the plaintiff's theory of the action. If he was wrongfully discharged from his employment, as alleged in the complaint, he could recover for his services rendered; but if he was dismissed for a justifiable cause, it is very apparent that the proposed amendment would not aid him. The complaint is framed on the special contract, and there is no technical difficulty in the way of a recovery, if its allegations are proven to the satisfaction of a jury.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.