SIMEON KAHN, PLAINTIFF IN ERROR, v. FELIX KAHN
ET AL., DEFENDANTS IN ERROR.

**Estoppel.** A entered into a contract with B, by which he agreed
to serve B for the term of one year, for a salary of $1,500.
Before the expiration of the year B discharged him without
cause.  After the expiration of a number of months, A, being
unable to secure employment elsewhere, brought an action for
the wages accrued after the discharge.  Judgment was rendered
in his favor.  He afterwards brought another action for sim-
ilar wages alleged to have accrued after the commencement of
the first suit.  The judgment in the first action was pleaded in
bar of a recovery in the second.  It was *Held,* That the second
action could not be maintained, plaintiff having exhausted his
remedy in the first.

ERROR to the district court for Douglas county.   Tried
below before WAKELEY J.

*C. A. Baldwin* and *Simeon Bloom,* for plaintiff in error,
cited: Herman Estoppel, Sec. 228.   *Allen v. Saunders,* 6
Neb., 436.   *Buck v. Devereaux,* 9  Neb., 110.   2 Suther-
land Damages, 475.   *Huntington v. R. R. Co.,* 7  Am.
Law Reg., 143.

*Gregory, Day & Day,* for defendants in error, cited:
*James v. Allen County,* 44 Ohio State, 226.

REESE, CH. J.

The allegations of the petition filed in this cause in the
district court were to the effect that about the first of Jan-
uary, 1883, plaintiff and defendants entered into an oral
agreement, whereby defendants employed plaintiff to
serve them in the capacity of traveling salesman for the
period of one year, commencing January 1, 1883, and
ending December 31st of the same year, at a salary of
$1,500 for said year; that he served defendants in said

capacity, under said agreement, during the months of January, February, and March of said year, but that in the month of March they discharged him from their service without just cause; that he served them faithfully and well, but was prevented from completing his contract by reason of his wrongful discharge by them; that he made diligent effort to obtain employment up to the first day of August, 1883, but that he had failed to do so. Judgment was demanded for the sum of $125, the amount of his wages for July, 1883.

Defendants answered, pleading a number of defenses but one of which we will notice. That one was to the effect that in an action wherein the same plaintiff was plaintiff and the same defendants were defendants, before that time tried and determined by the same court, each and every issue joined in this cause were joined and tried in that case, and adjudicated in favor of plaintiff, and that that suit was a bar to a recovery in this case.

Upon the trial the court, on motion of defendants, gave the following instruction to the jury, over plaintiff's exceptions:

"It appears from the evidence and without dispute that the issues of fact joined in this case are identical with the issues joined in a case tried in this court at the May term, 1886, between the same parties, in which the plaintiff recovered a judgment. That being the case and the matters having already been once adjudicated, your verdict will be for the defendants."

A verdict was returned in accordance with this instruction, and upon which a judgment was rendered in favor of defendants. Plaintiff brings the cause to this court by proceedings in error.

The basis of the instruction above copied is the averments of the petition in the prior case, together with those of the answer. Those papers were introduced in evidence, and plaintiff and his witnesses testified that they referred

to the same contract for service, discharge, and money demand, except that the suit was brought for wages due for the month of July instead of for the month of April, as in the former case. It could serve no good purpose to copy the petition in the former case, nor even to give a synopsis of it, for it is, with the exception stated, in the same language as is the one in the case at bar. There is nothing in the petition in either case which can be construed into an averment that the plaintiff's wages were to be paid him monthly, nor at any stated periods during his service. The averments are plain and unequivocal that, by the contract, defendants employed plaintiff to serve them "in the capacity of traveling salesman for the period of one year commencing January 1, 1883, and ending December 31, 1883, at a salary of $1,500 for said year." But one action could be maintained upon such a contract. There was no provision made for payment in installments, and hence no action could be maintained until the contract was executed or terminated in some other manner. It might be that had plaintiff waited until the expiration of the year he could have maintained his action for his salary *then due,* had he been deprived of the opportunity to render the service by the wrongful discharge. But he did not do so; he elected to bring his action for a part of the term, and by so doing he exhausted his remedy.

Much has been said in the briefs, and upon the oral argument, of the case of *James v. Board of County Commissioners of Allen County,* 44 O. St., 226., *S. C.,* 6 N. E. Reporter, 246, wherein it is claimed that the question presented in this case was decided.

The contract referred to in that case was for employment, the wages to be paid each month during the term, and the court held, upon a full consideration of the question, that in the case of a wrongful discharge the employee could maintain but one action for breach of contract, and that one recovery for such claim was a bar to any future

action.   We do not see that the question there decided can arise in this case, for the reason already stated, that the contract described in the petition in this case was an entire contract, no reference being made therein to payments by installments.   In such cases but one action can be maintained, whether that be for damages arising from a breach of the contract or for the whole amount due thereon, upon the doctrine of constructive service.   We think it quite clear that the first action described in the defendants' answer, and as shown by the petition introduced in evidence, was a complete bar to the action in this case.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.