### SCHMERENBECK *v.* FUNKE.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

MASTER AND SERVANT—WRONGFUL DISCHARGE—DAMAGES.

    In an action by a silk weaver for wrongful discharge there was evidence that a weaver of the same capacity as plaintiff could earn upwards of $20 a week, and as high as $5 per day.   The jury rendered a verdict for plaintiff less than defendant's lowest rate of compensation, and much less than he was shown to be capable of earning in the time for which he was employed.   *Held,* that a basis for damages was sufficiently shown, and that the judgment should not be reversed.

Appeal from circuit court, Queens county.

Action by Peter Schmerenbeck against Hugo Funke for wrongful discharge.   There was judgment for plaintiff for $754, and defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Larned & Warren*, (*J. J. Gleason* and *W. P. Knapp*, of counsel,) for appellant. *John J. Trapp*, for respondent.

BARNARD, P. J. The plaintiff seeks to recover damages for a breach of an entire contract by which the plaintiff was engaged to work for a year from the 5th of June, 1888, as a silk-ribbon weaver. The compensation for the plaintiff's labor was to be paid for by the piece. The plaintiff left the employment after working for five days. The contract itself, and the discharge of the plaintiff by the defendant, are put in issue by the pleadings and proof. The contract for a year is proven by the then superintendent, Adolph Oberstelehn, and by the plaintiff. Any entire contract is denied by the defendant. The discharge is proven by the plaintiff, after $4\frac{1}{2}$ days' work, by Mr. Gerberg, defendant's second superintendent. Gerberg denies the discharge. Upon this evidence the verdict of the jury in favor of the plaintiff's claim must be accepted by an appellate court. The jury was the tribunal to settle the dispute as to the fact. The receipt, if proven, is not decisive of anything but the payment of the $4\frac{1}{2}$-days work, and that the plaintiff admits. The contract was for a year only. The declaration that it might continue longer was no part of it. "I says then, 'You would keep me at least a year;' so he said, 'Yes.'" The work commenced on the day the contract was made, so that it was not a contract for a year, to commence in the future. The basis for damages was proven. The plaintiff earned $22.70 for the four days and a half during which he worked for the defendant. Proof was given, tending to show that a weaver of silk, similar to the plaintiff, could earn upwards of $20 a week, and as high as $5 per day. The jury found an amount of damages not much less than the lowest of their rates of compensation. The evidence did not show any lack of work to do. The question put to the witness, calling for an estimate of the yearly value of the plaintiff's work at the rate he was being paid by plaintiff, was proper. The rate for weaving was known, and the plaintiff's rate was known. The estimate was less than he did earn, as shown by the admitted testimony of both parties. The judgment should be affirmed, with costs. All concur.