Pryor, J.
Obviously, the percentage of profits was as essentially a portion of Muller’s “ wages ” or “ salary ” as-the five thousand dollars. Of this percentage the referee finds that, at the date of the assignment, Muller had earned $658.18. By the act of the assignors in terminating the contract, they prevented the contingency which might have made Muller’s percentage more, 'or less, or nothing, and fixed it at this sum. By the act of the. assignors in terminating the contract, which would have postponed payment till the end of the year, this sum instantly became due and payable, and is recoverable by-action, with interest from the date of the assignment. In every sense of the word, it was actually owing to Muller. The statute is “ a. beneficent as well as a remedial provision, and should be liberally construed so as to meet a wrong, and advance the remedy which the Legislature had in mind ” (Matter of Heath, 46 Hun, 114)
Motion denied, with costs.
*348 Note on Wages, and Prospective Damages for Wrongful Discharge from Employment.
There is some difference of opinion on the question whether one wrongfully discharged from employment and bringing an action for damages therefor before the expiration of the term of employment, can rely on the stipulated compensation up to the end of the term as a measure of damages, or whether the jury should consider only what he would have received on performance of the contract up to the time of the commencement of the action, or up to the time of trial. In other words, if vve are about to bring an action for an employee thus discharged, is there any reason why we should, in order to get full redress, wait until the expiration of the term, before commencing action (continuing of course, meanwhile, his efforts to get other employment).
In respect to wages, sued for as such, the servant who is wrongfully discharged may either (i) treat the contract of ■employment as rescinded by the employer, and sue for a quantum meruit as if there had been no contract (cases i, etc.) ; or (2) sue on the contract for wages accrued and payable up to the time of the discharge (cases 4-6).
But one wrongfully discharged before the expiration of •the term for which he was engaged, thus preventing him from earning wages not yet accrued, has a right of action sounding in damages for the injury done him by that discharge (cases 11, 12). This right is a distinct cause of action separate from his right to recover wages in arrear.
It was once held that the remedy for the period during which service was prevented by the discharge was an action for the wages in' respect to the service which the servant was ready and willing but not allowed to render. But this ground of recovery, known as the theory of “ constructive service,” has been abandoned. Howard v. Daly, 61 N. Y. 362; s. c., 19 Am. R. 285.
If wages actually accrued before the discharge remain unpaid, they may be sued for upon the contract, either in ■the same action as a separate cause of action, or in a separate action (cases 13, 14).
If separate actions are brought it matters not which is brought first, neither bars the other (cases 13, 14).
But if a single action is brought for both, a judgment, though erroneously refusing to allow a recovery for more than one of the grounds, is, so long as unreversed, a bar to .a new action for the ground not recovered on (case 15).
*349 In respect to damages for preventing him from earning more, there is no doubt that if he waits till the expiration of the entire term of engagement, the measure of damages, on his proving that he was ready and willing to perform up to the end of that term, is the entire wages which he lost the opportunity to earn, less whatever plaintiff shows- he did earn elsewhere, or might by reasonable effort have earned in a like employment.
If he brings his action for damages before the expiration of the term for which he was engaged, he invites a serious question as to whether he can rely on the same measure of damages, or is limited to recovering what he might have earned had he been permitted to go on up to the time of suing, or, at the utmost, up to the time of trial.
The cases are conflicting as to whether, in such an action for the damages caused by discharge, the uncertainty of what plaintiff might earn, which results from the uncertainty of life and health, etc., does not make the recovery of prospective damages (that is, the less that may accrue to plaintiff for the balance of the term of employment subsequent to the time of the commencement of the action or time of trial) so uncertain or speculative as to preclude recovery.
The conflict seems to result from a difference of opinion as to what effect on the measure of damages the difficulty of proof should have. The recovery of damages for the loss of power to earn in the future, which is constantly allowed in an action for personal injuries, is, clearly, equally uncertain.
The better opinion seems to be that the jury may consider what might have been earned under the contract but for the discharge, in connection with defendant’s evidence as to other employment or neglect to seek it, and any evidence tending to show that plaintiff cannot reasonably be expected to be able to make complete performance (cases 16-24, compared with 25-30).
Going into business for one’s self because of failing to find other employment like that from which he was dismissed, is not an abandonment of the claim (case 31).
Notes of Cases.
1. Brett v. Hayes, 21 Ga. 157. Where one employed for a definite period is wrongfully discharged, he may treat the express contract of employment as rescinded and bring an action for quantum meruit upon the services rendered before discharge.
To the same effect. Knutson v. Knapp, 35 Wis. 86; Clark v. *350 Manchester, 51 N. H. 594; Olmstead v. Bach, Md. 1893, 27 Atl. Rep. 301.
2. Jones v. Judd, 4 N. Y. 411. If completion of performance is prevented by an act of the law, such as an intervening statute, he may in this case also recover upon a quantum meruit.
3. Wolfe v. Howes, 20 N. Y. 197, holds that the same rule applies where completion of performance is prevented by act of God, as in the case of illness or death of the servant.
4. Ryan v. Dayton, 25 Conn. 188. Where a contract of employment is terminated by the servant’s illness, he may recover for service previously rendered without waiting for the expiration of the ■ time fixed in the agreement for its performance.
5. Hamlin v. Race, 78 Ill. 422. Where suit is brought for in■stallment of wages, there can be no recovery of other installments falling due before trial. Here a plaintiff had been employed by defendant for one year at a specified salary payable in monthly installments, and before the year expired he was discharged, and afterwards and before the end of his term he brought suit, claiming that the contract was still in force, and that he was and had been willing and ready to perform,—held, that he could only recover for the installments that had matured at the time the suit was brought, notwithstanding the period which might have entitled him to another installment had expired before the suit was brought.
6. Blun v. Holitzer, 53 Ga. 82. Where the plaintiff was employed for one year at a stipulated sum per month, but was discharged before the expiration of his term, and thereupon sued and obtained judgment for the amount due up to the time of such dis■charge, he is not thereby estopped from instituting proceedings to recover the balance due him for the remaining portion of the year. (But other cases hold .that such proceedings must be an action for damages.)
The following cases- are more or less at variance with the rules .above stated; but it appears to me that the variance is d.ue to a lack of careful analysis of the distinction between the demands for wages and for damages, and the exact rights of the parties as developed by that analysis.
7. Richardson v. Eagle Machine Works, 78 Ind. 422. Where a servant hired for a definite period, on being wrongfully discharged, treats the contract as continuing, and by suit recovers an amount *351 equal to the stipulated wages until the commencement of the suit, the judgment bars a further recovery for wages.
8. Keedy v. Long, 71 Md. 385; s. c., 18 All. Rep. 704. Where an employee, being engaged for a year at a fixed salary payable monthly, is discharged at the end of two months and sues and recovers for the salary due up to that time, he cannot thereafter sue his employer for a breach of the contract \contra, case'll],
9. Kahn v. Kahn, 24 Neb. 709. Where one employed for a fixed sum for a year (under a contract which does not provide for payment in monthly installments) brings an action a few months after his discharge for the wages that had then accrued, it was held that a second action could not be maintained for wages alleged to have accrued after the first suit.
10. Booge v. Pacific R. Co., 33 Mo. 212. Where a person employed for a season at a fixed price payable in monthly installments brought an action for wrongful discharge before the expiration of the period for which he was employed, and recovered the wages then due him,—held, that such recovery would bar any further action on the same contract.
11. Perry v. Dickerson, 85 N. Y. 345. A claim for wages earned and due before the dismissal, and for damages for the wrongful dismissal, constitute two separate and independent causes of action; and a suit and judgment upon one of them only is not a bar to a suit on the other.
12. Olmstead v. Bach, Md. 1893, 27 Atl. Rep. 501.
13. Levin v. Standard Fashion Co., 4 N. Y. Supp. 867. A recovery by a discharged employee of wages alleged to be actually due is no bar to an action for damages for such discharge before the expiration of the term of employment.
14. S. P. Perry v. Dickerson, above cited, holding that recovery for damages does not bar a subsequent action for wages earned before discharge.
15. Colburn v. Woodworth, 31 Barb. 381. If a person hired for three years is discharged by his employer during the second quarter and sues to recover for arrears of wages and damages for the breach, and recovers for one quarter’s wages, this will be a bar to a second suit upon the same contract, for wages of the subsequent quarters of the first year and damages. And this even if the court in the former action erroneously limited plaintiff’s recovery to one quarter’s wages.

*352
Cases tending to sttpport the right to sue immediately *or entire damages.

16. Sutherland v. Wyer, 67 Me. 64. An actor brought an action for wrongful discharge before the expiration of the period for which he was employed.—Held, that the action was not premature; and that plaintiff was entitled to recover as damages for the remainder of the term at the stipulated rate, less what he actually earned or might have earned.
The court say (p. 68): “ There are several classes of cases founded both in tort and in contract, wherein plaintiff is entitled to recover not only the damages actually sustained when the action was commenced, or at the time of the trial, but also whatever the evidence proves he will be likely to suffer thereafter for the same cause. Among the torts coming within the rule, are personal injuries . . . . so in the cases of contract the performance of which is to extend through a period of time which has not elapsed when the breach is made, and the action brought therefor and the trial had (Citing Remclu v. Hall, 31 Vt. 582), Among those are actions on bonds or unsealed contracts, stipulating for the support of persons during their natural life (Citing Sibley v. Rider, 54 Me. 463; Philbrook v. Burgess, 52 Me. 271). The contract in controversy falls within the same rule.”
17. Pennsylvania Co. v. Dolan (Ind. 1893), 32 N. E. Rep. 802. In an action for breach of contract to give plaintiff steady and permanent employment, the court charged the jury that “ the action is to recover damages for breach of contract, and the recovery must be limited to actual pecuniary loss sustained by plaintiff on account of such breach since his discharge from defendant’s service, and what will probably and reasonably be sustained by him thereafter. In this connection the jury may consider the plaintiff’s age and physical condition at the time of his discharge, and then—presuming that with habits of industry and sobriety he makes all proper and reasonable efforts to help himself—how far will he fall short of being able to earn, in some capacity, wages equivalent to the wages he was getting at the time of hi's injury; and then the amount assessed must be solely for the purpose of compensating plaintiff for the loss which will reasonably and probably be sustained by him on account of such breach of contract.” Defendants contended that the charge was erroneous in that it not only gave damages since the injury, but also future—for life—damages ; that for the past there was a tangible basis for ascertaining rc reasonably approximating actual damages, because of inability to get *353 employment elsewhere and of his ability and habits, etc.; but for the future there was no such basis as to it; all was mere speculation and guess work. Defendant also contended that the instruction proceeded upon the theory that the cause of claim was one and entire and could not, therefore, be divided, and asserted the contrary, claiming that after the close of each day lost, plaintiff could have sued for that day.—Held, that the instruction was proper.
18. Fowler v. Armour, 24 Ala. 194. Action by servant for wrongful discharge brought and tried before the expiration of the time for which he was employed.
The court say (p. 200): “ If the action be for breach of contract still subsisting, and for liquidated damages, the action cannot be properly brought until the sum is due and payable by the terms of the contract, and the plaintiff cannot recover more than is due at the time of suit brought; but if one party commits such a breach of contract, that the other party is for that reason at liberty to treat it as rescinded, and does so, he may sue for the breach of contract immediately, and his recovery in the latter case will be such actual damage as he can show to have been the natural and proximate consequence of the act of the other party up to the time of trial.”
19. Masterton v. Mayor of Brooklyn, 7 Hill, 61, 75. Plaintiffs agreed to furnish all the marble necessary for a public building, for which defendant agreed to pay in installments as the work progressed. When the building was partially completed, defendant suspended operations and refused to further perform his part of the agreement.—Held, that the measure of damages for so much of the contract as was unperformed was the difference between what the performance would have cost the plaintiffs and the price which defendant had agreed to pay.
■ The court say (p. 75): “ The plaintiffs were not bound to wait till the period had elapsed for the complete performance of the agreement, nor to make successive offers of performance in order to recover all their damages. They might regard the contract as-broken up, so far as to absolve them from making further efforts to perform, and give them a right to recover full damages as for a total breach.”
20. Prichard v. Martin, 27 Miss. 305. Where an overseer brings an action for wrongful -discharge before the end of the term for which he was employed, he may recover not only any actual damages which he has actually sustained previous to the commencement of the action, but also for any that may occur in consequence off and after the breach, within the contemplation of the contract. -
*354 21. Byrd v. Boyd, 4 McCord, 246. When a planter without good cause turns away his overseer at a season of the year when it is impracticable to get employment and his time is wholly lost, the overseer ought to recover the whole of the year’s wages.
22. Rogers v. Parham, 8 Ga. 190. A servant wrongfully discharged before the expiration of the period of his employment may sue immediately for any special injury he may have sustained in consequence of the breach of contract.
23. Schmerenbeck v. Funke, 45 State Rep. 30; s. c., 17 N. Y. Supp. 717. In an action for breach of contract of employment for a year, because of a discharge after four and one-half days’ work, the amount of work done therein, the amount of work plaintiff could do in a year, he working by the piece, and the fact that there was no lack of work shown,—held, to afford a basis for the estimation of ■damages.
24. Reed v. McConnell, 17 Weekly Dig. 575. In an action by plaintiff for breach of an agreement by which plaintiff was to receive $1,000 and one-third of the profits for superintending a tannery for a period of twelve years,—held, that the prospective profits .as well as the losses sustained could be recovered.

Cases tending to support the view that damages up to time of trial only ca?i be recovered.

25. Mt. Hope Cemetery Assn. v. Weidenman (Ill. 1893), 28 N. E. Rep. 834. Where a servant after being discharged sues for breach of the contract of hiring before the termination of the period covered thereby, he can recover damages up to but not after the time of the trial.
The court say: “ In view of the fact that the servant may die or become incapable of performing before the expiration of the term of his employment, the uncertainty of the wages or emoluments he may be enabled to earn in the future, we are disposed to follow the rule that the plaintiff shall be limited to his actual loss at the time of trial.”
26. Everson v. Powers, 89 N. Y. 527. Though a servant brings an action for wrongful discharge before the expiration of the term of service, if the trial does not take place until after the expiration of :such term, he will be entitled to recover the difference between the ■ compensation fixed by the contract for the entire term, and what he has received together with what he was able to earn after his idischarge.
*355 27. Gordon v. Brewster, 7 Wis. 355. Where a servant upon wrongful discharge brings suit before the expiration of the time for which he was employed,—held, that plaintiff could only recover as damages his salary down to the time of trial, less what he may have earned in .the meanwhile ; and that he could not recover the difference between what he was receiving at the time of trial and what he would have received for his services under the contract, provided he had continued his services down to the end of the time for which he was employed.
28. Taylor v. Bradley, 39 N. Y. 129, 141. An agreement to let ;a farm to plaintiff for three years, each party to furnish part of the stock, seeds, tools, etc., the plaintiff to occupy and work the farm and have certain specified supplies for his family, and all proceeds to be divided equally, is neither a letting nor a contract for services ; and in case of defendant refusing, at the commencement of the term, to allow the agreement to be performed, plaintiff is entitled to recover immediately as damages what the privilege of occupying and working the farm, subject to the conditions of the agreement, and under all the contingencies which are liable to affect the result, is worth.
The court say (p. 142): “ If the agreement be regarded as an .agreement for services, the recovery would be the stipulated compensation up to the time of Suit brought, subject to the right of the defendant to show earnings, or at least a refusal to earn during the same period, or a portion thereof. Obviously, if the rule of damages applicable to a mere hiring of services were to be applied to this case, the plaintiff, having brought his action immediately after the breach, could not claim upon any facts proved that anything in the nature of wages ór compensation had accrued, or would have accrued to him had the contract been performed.”
[The above case is distinguished and dicta criticised in Howard v. Daly, 61 N. Y. 362, 372.]
Compare with it, Depew v. Ketchum at p. 210 of this present volume.
29. Wright v. Falkner, 37 Ala. 274. In an action by a servant for wrongful discharge brought before the expiration of the period for which he was employed, it was held error for the court to charge the jury that if they found that plaintiff was discharged without sufficient cause, he was entitled to recover the whole amount which defendant had agreed to give him for his year’s wages, with interest. In such a case plaintiff can only recover unliquidated damages for the breach of contract; and it cannot be assumed as *356 a matter of law that the stipulated wages would be the measure. Following Fowler v. Armour, 24 Ala, 194.
30, Washburn v. Hubbard, 6 Lans. 11. In an action for breach of contract by which plaintiff was to act as defendant’s agent in the sale of car springs for a specified period, brought before the-expiration of the time for which the contract was to run,—held,, that estimates of probable sales furnishes no proper criterion for fixing damages, actual damages and actual loss of profits only care be recovered.
[Compare Wakeman v. Wheeler, etc., Co., 101 N. Y. 205, 217.]
31. Richardson v. Hartman, 68 Hun, 9; S. C., 22 N. Y. Supp,. 645; 52 State Rep. 41. Where a person employed for a definite-time is wrongfully discharged, and failing to find other employment, goes into business for himself, he does not thereby abandon, the claim thenceforward upon his contract, but may recover damages measured by the amount of the agreed wages he was prevented from earning, less the profits of the business in which he had engaged.
[Following Toplitz v. Ullman, 2 Misc. 130; s. c., 20 N. Y. Supp. 863.]