## SUPREME COURT.

FARNHAM P. HUNTINGTON, respondent agt. THE OGDENSBURGH AND LAKE CHAMPLAIN RAILROAD COMPANY, appellants.

In an action for damages on a breach of contract for the employment of the plaintiff at a monthly salary, the plaintiff is entitled to recover for services offered to be performed, which the defendants refused to receive, the amount of wages that he was to receive by virtue of his contract.

If the plaintiff seeks and finds employment, as seems to be his legal as well as his moral duty, then the damages he would be otherwise entitled to recover, by reason of the breach, is to be diminished or regulated by his actual loss, depending upon the actual value to him of the benefits obtained, or to be obtained, from such new employment.

That is, the actual damage the plaintiff will sustain, is the difference between the benefits of the contract which is violated, and the value of his labor and services during the time of the alleged breach, while engaged in business upon his own account. And as a consequence, evidence offered to prove the value of the services rendered upon his own account is admissible.

*Fourth Judicial District General Term, July,* 1867.

*Before* Bockes, James, Rosekrans *and* Potter, *Justices.*

This action was commenced in a justice's court in Clinton county, in which there was a judgment for the plaintiff, from which there was an appeal to the county court of Clinton county. Another judgment was obtained in the county court, for $99.99, besides costs; from which an appeal is taken to this court.

The plaintiff brought the action to recover for his wages for one month's services for defendants for the month of June, 1866, under an agreement to serve the defendants at Champlain, Clinton county, as station agent of their railroad business at that point, at $100 per month, from March 1, 1866, to January 1, 1867. The defendants dismissed the plaintiff from their employment 6th June, 1866. The plaintiff protested against this discharge, and offered and was ready to continue his services for the defendants. In the month of June, 1866, after he was discharged from defendants' employ, the plaintiff entered into an agreement with two other persons to conduct a brick yard, and he had the oversight and charge of its affairs, and was interested in it and in its profits, and, at the time of the trial, was still carrying on the said brick business, in connection with others. The value of the plaintiff's labor for himself and co-partners during the month in question, being set up by the defendants as a legal claim for a deduction from his $100 damages, raised the only question in the case. This was raised by offers of proof on the trial, and by exception to the charge of the judge made to the jury, which will appear in the opinion.

Brown & Hasbrouck, *for the appellants.*
Averill & Kellogg, *for the respondent.*

*By the court,* Potter, J. The plaintiff was sworn on the trial, and proved his contract with the defendants, and their breach of it by dismissing him from their employ. This made out his case. On his cross-examination this question was put to him: " What were your labor and services worth

Huntington agt. The Ogdensburgh and Lake Champlain Railroad Co.

during the month of June, while you was employed in the brick yard?"

This was objected to as immaterial and irrelevant; that the value of the services cannot be deducted from the wages due to the plaintiff, only such amount as has been received or paid to the plaintiff, or as is due him as cash for such services.

This objection was sustained by the judge so far as to exclude evidence of the value of labor or services merely, but held that defendants might show any profit or pecuniary benefit which the plaintiff derived from his labor and services in the brick yard during that month.

The defendants then offered to prove that the labor and services of the plaintiff for the time he was engaged in the brick yard during the month of June, 1866, was worth $100.

This offer was objected to for the same reasons as before, by the plaintiff, but did not object that the defendants might prove that plaintiff received $100 or any other sum from the profits of the business.

The judge sustained this objection also.

The judge, in charging the jury, told them they had no right to take into consideration the value of the plaintiff's labor and services in his own business and deduct it from the contract price, or make any deduction on that account therefrom, except to the extent of the profit or pecuniary benefit which the plaintiff has derived from such labor, and the burden of proof is upon the defendants to show that such profit or benefit has resulted to the plaintiff from his work.

Defendants asked the judge to charge to the contrary of the above, except that the burden of proof was on the defendants, which the judge refused.

The defendants excepted to the above rulings and to the charge, and also to the refusal to charge as requested.

This presents the whole case.

I have not been able to assent to the soundness of the propositions contained in the views of the learned judge who tried this case, to their full extent. The plaintiff's right to

recover in this action, as I understand the law, is not for services actually rendered, but as for services offered to be performed, which the defendants refused to receive, and that thereby the plaintiff is entitled to recover the amount of wages that he was to receive by virtue of his contract. It was sufficient for the plaintiff that he tendered his services, and that the defendants gave him notice that he was dismissed. The plaintiff was not bound to tender his services daily, after notice that he was dismissed; it was for the defendants to give further notice of revocation of the order of dismissal. Had the plaintiff been unable to obtain other employment, his damages would clearly have been the amount of the promised wages.

But voluntary idleness is regarded as a breach of moral duty, and if he remains willfully idle, for the purpose of charging another, the law regards his act as a fraud upon such other person, which is neither to be countenanced or encouraged. (*Shannon* agt. *Comstock*, 21 *Wend.* 462.) If he seeks and finds employment, as seems to be his legal as well as his moral duty, then the damages he would be otherwise entitled to recover, by reason of the breach, is to be diminished or regulated by his actual loss, depending upon the actual value to him of the benefits obtained, or to be obtained from such new employment. This seems to be the spirit of the cases found in the books. (*See Costigan* agt. *Mohawk and Hudson Railroad Company*, 2 *Denio*, 616, *and cases cited*; *Id.* 613, 614; *Heine* agt. *Wolf*, 1 *E. D. Smith's R.* 70; 3 *Johns. R.* 518; 11 *East.* 232.)

In cases arising from the non-performance of agreements, the damages are frequently necessarily attended with a great degree of uncertainty, and no precise or definite standard can be laid down as a rule. The party who sustains the loss by the willful violation of a contract by the other, is justly entitled, as a general rule, to liberal and complete indemnity for the failure of such other. But if the party entitled to the benefits of a contract can protect himself from a loss arising from such breach, in whole or in part, with reasonable exertions, he fails in social and in moral

duty if he omits to do so, regardless of the damages for which he may intend to hold the other contracting party liable. (*Miller* agt. *Mariners' Church*, 7 *Greenl.* 55, 56; *Taylor* agt. *Read*, 4 *Paige's R.* 572.)

If these positions are sound, the actual damage the plaintiff sustained in the case before us, was the difference between the benefits of the contract, to wit: $100 for the month of June, and the value of his labor and services during the same month, while engaged in business upon his own account; and, as a consequence, the rulings of the judge on the trial, excluding the evidence offered by the defendants to prove that value, was error, as was also that part of the judge's charge to the jury to the same effect.

By the terms of the contract, the plaintiff was to be paid monthly; he could, therefore, sue monthly for wages. The defendants are to be put in no better or different condition by breaking their contract, than they would be by keeping it. The breach of it was monthly, and the breaches are several.

It is no part of this case to direct or decide how this value of the plaintiff's services should be proved; it is sufficient to say that the judge correctly held that the burden of this proof was upon the defendants; and upon such proof as would be proper, it was a proper question for the jury to consider, and to allow, if proved, as a deduction from the damages of the plaintiff, proved by the breach of the contract.

The result is, the judgment of the county court must be reversed, with costs, and a new trial in the county court awarded.