## TOPLITZ *v.* ULLMAN.

*(City Court of New York, General Term. June 18, 1892.)*

MASTER AND SERVANT—ACTION FOR WRONGFUL DISCHARGE.

In an action by an employe for a wrongful discharge, where plaintiff obtains employment after his discharge, defendant is entitled to a credit of the amount so earned, but not of the actual value of the services.

Appeal from trial term.

Action by Samson Toplitz against Leopold Ullman for damages for wrongful dismissal. From a judgment entered on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

*Horwitz & Hershfield*, for appellant. *M. H. Oppenheim*, for respondent.

EHRLICH, C. J. The action is for wrongful discharge, and, presumptively, the plaintiff is entitled to whatever sum became due by the contract of employment. *Costigan* v. *Railroad Co.*, 2 Denio, 609. The plaintiff endeavored, but failed, to obtain similar employment elsewhere, and earned only $200 during the contract, which was applied in mitigating the damages. It is claimed, however, that because the plaintiff, after his discharge, entered into a partnership arrangement with one Davis, the defendant is entitled to deduct from the damages claimed, not only what the plaintiff earned in such copartnership, but the actual value of the services rendered therein, without regard to their pecuniary result. We cannot assent to this view. The plaintiff credited the defendant with all he earned and received, and this is all he was required to do. The doctrine laid down in *Huntington* v. *Railroad Co.*, 33 How. Pr. 416, does not conflict with this view, and the *dicta* relied on by the defendant has no application to a case like the present, where the services rendered to the second employer have been performed and completed, and the exact earnings of the servant ascertained and adjusted. The

*dicta* applies where the earnings of the discharged employe have not been ascertained, in which case it would be implied that such services of the employe would realize their reasonable value, and, in the absence of a more certain basis for calculation, this would be adopted as the correct measure of the earned, but unadjusted, compensation.   But that case goes no further.   It adheres to the rule "that the party who sustains a loss by the willful violation of a contract by the other is justly entitled   *   *   *   for liberal and complete indemnity for the failure of such other," and that the damages resulting from the breach are to be regulated by the "actual loss."   A discharged employe is bound to make reasonable efforts to keep down the damages, and if, after every exertion on his part, he credits the result of his labors, he does all the law requires him to do.   To permit the employer to deduct from the damages, not only what the employe earned after his discharge, but what the efforts of the employe ought to have produced, would be awarding a wrongdoer an advantage not secured by the person free from fault, nor sanctioned by any rule of morality or law.   Such a principle has not as yet found its way into our system of jurisprudence, and probably never will.   We have examined the briefs of counsel, and carefully considered the exceptions taken, but have failed to discover any error that has operated to the injury of the defendant.   The judgment is right, and must be affirmed, with costs.

All concur.