### TOPLITZ *v.* ULLMAN.

*(Common Pleas of New York City and County, General Term.   December 5, 1892.)*

MASTER AND SERVANT—WRONGFUL DISCHARGE—DAMAGES.

> Where an employe, wrongfully discharged before the end of his term, and after seeking, but failing to find, other employment, embarks in business for himself during such time, making a small profit, his employer is liable for the difference between such profit and the agreed wages.

Appeal from city court, general term.

Action by Sampson Toplitz against Leopold Ullman to recover damages for being wrongfully discharged from the service of defendant, upon a contract of employment for one year.   From a judgment of the general term of the city court, affirming a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Horwitz & Hershfield*, (*Otto Horwitz*, of counsel,) for appellant.   *Myron H. Oppenheim*, for respondent.

DALY, C. J.   After the plaintiff was wrongfully discharged from the defendant's service he endeavored to procure other employment, but was unsuccessful, and thereupon he embarked in business upon his own account in partnership with another.   His share of the profits of the copartnership dur-

ing the stipulated period of service under his contract with the defendant was $200. This sum, under the instruction of the court, was allowed by the jury as a deduction from the amount of the agreed wages which the plaintiff was prevented, by his discharge, from earning in the defendant's service. The defendant claims that, the plaintiff having appropriated his entire services for his own benefit, the value of such services should have been ascertained, and deducted from the amount of agreed wages, irrespective of the actual profits he had earned. If the plaintiff could have obtained other employment, and declined it to go into business for himself, the defendant's contention would be just, and the damages would be confined to the difference, if any, between the agreed wages and the value of the services which the plaintiff might have hired to another; but this would be upon the principle that he had neglected the duty of reducing his damages by seeking other employment. The same rule would apply if the plaintiff, without seeking other employment, chose to go into business for himself. This was evidently the case in *Huntington* v. *Railroad Co.*, 33 How. Pr. 416, cited by appellant; for it does not appear from the report that the plaintiff there made any exertion to find employment, and the case is unquestionable upon the facts in it. Where, however, the discharged servant has fulfilled his duty in seeking other employment, has failed to find it, and has embarked in business for himself, rather than remain idle, taking all the hazards of such a venture in order to reduce his damages, the defendant cannot complain that his returns therefrom were less than his services were worth. Had plaintiff remained idle after seeking and failing to obtain other employment, he would have been entitled to the whole stipulated wages; and he is not to be worse off because he availed himself of the only opening which he found. Any other rule would operate to punish him for his diligence and activity in trying to reduce his damages, and would fix a premium upon indolence. It would have been legitimate for the employe (if no better opportunity presented itself) to take service upon an agreement for a share in profits as compensation, and in that case, his actual earnings, being his actual salary, would have been the measure of allowance to which the defendant would be entitled; or he might take employment at agreed wages far below the value of his services, and, if that were the best he could do, the defendant would have no right to complain that only the amount actually earned was allowed. The defendant argues that the plaintiff, by engaging in business upon his own account, voluntarily relinquished the chance of taking or finding other employment. This, however, could with equal justice be urged if he had engaged for the balance of his term with another employer at a smaller salary. He would thus equally deprive himself of the opportunity of taking or finding other employment. There was no proof that other employment could be procured. On the contrary, the evidence is that when he was discharged it was not the season when persons in his line were usually employed. The appellant does not seem to question that the profits earned by the plaintiff were all that were actually coming to him in the copartnership business. It appears that what he drew for expenses, etc., was obtained from advances or loans which had to be repaid. So I think upon the facts of this case the instruction of the learned judge at trial term was correct, and so was the affirmance at the general term, and that the judgment and order should be affirmed, with costs. All concur.