KYLE & COMPANY *v.* POU.

1. Where an employee was wrongfully discharged before the expiration of his term, he being at the time of such discharge a member of a partnership engaged in conducting an independent business in which he had invested capital, the mere fact that he thereafter participated in the conduct of the partnership business, and that the partnership made some profits not less than a stated amount monthly, would not constrain the jury on the trial of an action by the discharged employee against his former employer, to recover damages occasioned by the wrongful discharge, to make a deduction from the amount the plaintiff would otherwise be entitled to recover, it not appearing whether or not the profits in question were derived from the capital invested by the plaintiff or from his personal services in the partnership business, or, if derived from both, what per cent. of these profits arose from the personal services of the plaintiff.

2. The evidence was sufficient to warrant the verdict, and there was no error in denying a new trial.

April 29, 1895. Brought forward from the last term.

Action for damages. Before Judge BUTT. Muscogee superior court. November term, 1893.

BRANNON, HATCHER & MARTIN, for plaintiffs in error.
JOSEPH F. POU and McNEILL & LEVY, *contra*.

SIMMONS, Chief Justice.

It appears from the record, that Pou was employed by Kyle & Co. as city drummer for a term ending September 1, 1891, and that on May 1, 1891, he was discharged. Under the contract of employment, he was to be paid $900 for the year's work, and if his sales for the year amounted in the neighborhood of $30,000, he was to be paid an additional $100. After the close of the term contracted for, he sued for damages for breach of the contract, claiming that he was entitled to $300 for his services from May 1, 1891, to Sept. 1, 1891, upon his unconditional contract of $900 for the year, with interest thereon from Sept. 1, 1891, and to $100 more upon the conditional contract above stated. The jury found

for the plaintiff $366.66, with interest from Sept. 1, 1891; the defendants moved for a new trial on the grounds that the verdict was contrary to law and the evidence, and the motion was overruled; whereupon the movants excepted.

It was not insisted that the plaintiff was rightfully discharged, but the defense relied upon was, that the plaintiff was at the time of his discharge in partnership with his brother in a coal and wood business, and continued in that business for the remainder of the term of employment contracted for with the defendants, and therefore he was not damaged in any sum. It is true that where an employee, after his discharge, earns or can by the use of ordinary diligence earn anything in other employment similar to that in which he was engaged at the time of the discharge, the amount of the recovery, where he sues for a wrongful discharge, should be reduced by so much as he earned or could have earned in such employment; but the burden of proving the facts requisite to establish the reduction is upon the employer. (*Cox* v. *Bearden*, 84 *Ga.* 306.) *Prima facie* the employee is entitled to recover the whole sum, and the burden is upon the defendant to show anything that would reduce the amount of the recovery. Wood, Master & Servant, §127. In the present case it appears that the plaintiff did make some small profit from the partnership business after his discharge and before the end of the term of employment contracted for. It may have been, however, that he would have made this profit if he had remained in the employment of the defendants, and that it was derived from the capital invested by him in the partnership business, and not from his personal services. If this was so, the defendants would not be entitled to a deduction of such profit. The burden was upon them of showing that some part of the amount was derived from his personal services, and if so, how much.

We have carefully read the evidence in this case, and cannot say that it was such as to constrain the jury to make any deduction on this account. There being no complaint of the charge of the court, we must assume that the jury were correctly instructed as to the law of the case. There was sufficient evidence to sustain the verdict, and the trial judge being satisfied therewith, this court will not set it aside.        *Judgment affirmed.*