[Civ. No. 403.  First Appellate District.—December 26, 1907.]

# H. M. NUCKOLLS, Respondent, v. COLLEGE OF PHYSICIANS AND SURGEONS OF SAN FRANCISCO, Appellant.

ACTION FOR BREACH OF CONTRACT—EMPLOYMENT FOR HALF TIME—STATED TERM—WRONGFUL DISCHARGE—PRIMA FACIE CASE.—In an action to recover damage for a breach of a contract for employment by the defendant of the plaintiff's services as a dentist for afternoon service at a monthly salary for a stated term of one year by a wrongful discharge of the plaintiff, the plaintiff established a *prima facie* case by proof of the employment, the amount of his salary, and his discharge before the end of his term of employment.

ID.—ORDER OF PROOF—REBUTTAL EVIDENCE IN CHIEF—REASON GIVEN FOR DISCHARGE—HARMLESS IRREGULARITY.—It was no part of the plaintiff's case in chief to prove that the reason given by defendant for his discharge was that the defendant wished to employ another dentist who was indebted to defendant, but where defendant sought to prove that plaintiff was discharged for neglect of duty, the

plaintiff was entitled to rebut such evidence by proof that they assigned another reason for the discharge, and the fact that he offered such rebuttal evidence in chief became a harmless irregularity.

ID.—MEASURE OF DAMAGES FOR WRONGFUL DISCHARGE—RULE AS TO EMPLOYMENT FOR WHOLE TIME INAPPLICABLE.—The rule applicable to the measure of damages for breach of a contract of employment for the whole time, that it is the amount that would have been earned under the contract, after deduction of all sums earned, or which he might by reasonable diligence have earned during the time, has no application, by way of deduction, to the case of the employment of the services of a dentist for afternoon service only, where the evidence shows that the amount earned by him during the term could have been earned by him in forenoon service, in addition to the amount which he might have earned under the contract of employment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Beverly L. Hodghead, for Appellant.

George A. Sturtevant, and Marshall Nuckolls, for Respondent.

KERRIGAN, J.—This is an action for damages alleged to have been suffered by plaintiff by reason of his discharge from defendant's employ. Plaintiff, who is a dentist, was employed by defendant as a demonstrator of operative dentistry for one year, beginning July 1, 1902, at a salary of $50 per month. Under the terms of the contract he was to give his entire time every afternoon from 1 to 5 o'clock (except Sundays) to the service of the defendant. October 4, 1902, plaintiff was discharged. During the remaining nine months of the term of the employment, both in the forenoon and the afternoon, the plaintiff practiced his profession of dentistry. October 21, 1903, he brought this action for $450, alleging that he had been wrongfully discharged. Defendant answered, averring that plaintiff had been dismissed for sufficient cause, and as a separate defense pleaded that he had suffered no damage thereby.

The cause was tried by the court, sitting without a jury, and a judgment was entered in favor of plaintiff. From the judgment and the order denying a motion for a new trial defendant prosecutes this appeal.

As a part of his case, and after testifying as to his employment, respondent was asked: "Dr. Nuckolls, at the time you were discharged was there any reason assigned for your discharge?" Over the objection and exception of appellant the witness answered: "I was informed by the dean at the time that the board of trustees of the defendant college desired to give my place to another dentist, Dr. Baldwin, who, he said, was indebted to the college." The admission of this testimony is now assigned as error.

Respondent established a *prima facie* case when he proved his employment, the amount of his salary and his discharge before the end of the term of his engagement, and it was no part of his case in chief to prove the reason assigned by defendant for his dismissal. But when the appellant introduced evidence to show that he was discharged for neglect of duty, then he became entitled to rebut such defense by showing that when he was dismissed the appellant made a different and conflicting statement. The most that can be said against the admission of this testimony is that it was admitted out of order, which was a harmless irregularity. In *Cashman* v. *Harrison*, 90 Cal. 306, [27 Pac. 283], the supreme court passed on a similar point. There it was contended that the trial court had erroneously permitted the plaintiff to introduce in evidence in chief a bond from defendant to plaintiff against defendant's objection, on the ground that it was immaterial, irrelevant, and incompetent; and the court said: "The bond was certainly competent, relevant and material on the issue as to the consideration for the bill, raised by the answer, and insisted upon here. But it was at least irregular to introduce it in chief, since the bill was *prima facie* evidence of a sufficient consideration; but it was not objected to on the ground that it was offered out of the proper order, or that it could properly be offered only in rebuttal. That it became relevant in rebuttal there is no question; so that the error, if it was such, of admitting it out of the proper order was harmless."

This brings us to the other point made by appellant. By way of defense, the appellant alleged in its answer that re-

spondent, between the time of his discharge, and the date of expiration of his contract, earned, in the course of the practice of his profession of dentistry, a sum greater than $450. The facts are that during his employment by appellant respondent was at his office in the forenoon of each day, and at the college of the appellant in the afternoon; that after his discharge respondent devoted his entire time to his profession; that prior to the date of expiration of the contract, and subsequent to his discharge, as aforesaid, respondent earned by so practicing his profession in the afternoon between the hours of 1 and 5 the sum of $500; that if respondent had not been discharged he could have earned (as he testified) the same amount at other times than during the afternoon. The appellant claims that, as the evidence shows that respondent, during the period in question, earned a sum greater than his salary for such period would have been, a complete defense was established, or at least such a defense as would render the damages nominal.

It is true, as contended by appellant, that the measure of damage, in cases of wrongful discharge, is the amount that would have been earned under the contract, after deduction therefrom of any sums that the employee has actually earned during the period mentioned, or which he might, by due and reasonable diligence, have earned. (Wood on Master and Servant, sec. 127; 20 Am. & Eng. Ency. of Law, 2d ed., p. 37.) This rule, however, applies to cases where the contract is for the whole time and services of the employee. It certainly has no application to a case like the one at bar, where the evidence shows that the respondent could have earned the $500 in the forenoons, between the time of his dismissal and the expiration of his contract, and still have rendered to the appellant the services required by such contract. This seems so clear to us on principle that we shall merely cite, without quoting therefrom, some of the cases that sustain this view, viz.: *Jaffrays* v. *King,* 34 Md. 222; *Gates* v. *School District,* 57 Ark. 376, [38 Am. St. Rep. 249, 21 S. W. 1060]; *Kyle* v. *Pou,* 96 Ga. 166, [23 S. E. 114]; *Toplitz* v. *Ullman,* 2 Misc. Rep. 130, 20 N. Y. Supp. 863; *Allgeyer* v. *Rutherford* (Tex. Civ. App.), [45 S. W. 628].

This action was tried twice in the court below. As the result of the first trial, a judgment was entered for respondent. Appellant moved for a new trial, which was granted upon

the issue of the amount of damages raised by one of the separate defenses set forth in the answer, but denied as to all the other issues. An appeal was taken from that part of the order denying appellant a new trial on the remaining issues. A new trial was thereupon had upon the issue of damages, which resulted again in a judgment for respondent. Appellant again moved for a new trial, which motion was denied, and from this order an appeal is taken. Both of these appeals are in one transcript, and have been presented in the briefs together as if but one appeal were before us, and we have so discussed them in this opinion.

In each case the judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.