KEPP'S EXPRESS AND VAN COMPANY *v.* BOYD.

[No. 12,853. Filed October 31, 1928. Rehearing denied January 25, 1929. Transfer denied December 3, 1929.]

*Wildermuth & Force, Samuel M. Terner* and *Robert L. McMahan,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

REMY, J.—Lawrence Hubert was operating a motor truck when it collided with another truck which was being operated by appellee. Having sustained personal injuries as a result of the collision, appellee commenced this action against appellant, Kepp's Express and Van Company, for damages, the theory of the complaint being that the collision was caused by the negligence of Hubert, who, at the time, was operating the truck for and on behalf of appellant. The complaint was answered by denial, and a trial resulted in a verdict and judgment for appellee.

On the trial, it was the contention of appellant that Hubert was not its employee or agent at the time of the accident, thus raising an important, if not the most important, issue of the trial. To prove that the truck was being operated by appellant, appellee introduced much competent evidence, including evidence that on the side of the truck was painted in large letters, "Kepp's Transfer and Moving Van Company," which, as shown by the record, was introduced without objection. It also appears that appellee, while testifying in chief as a witness in his own behalf, stated that, soon after the accident, in response to an inquiry as to the person for whom he

was driving the truck, Hubert said that he "was driving for Kepp," meaning appellant company. This testimony was admitted over appellant's objection. With much earnestness, it is urged by appellant that the action of the court in admitting this evidence was reversible error. Whether the court did err in that regard, it will not be necessary to decide.

During the progress of the trial, Hubert was called as a witness for the defense, and, as such, testified that he was not at the time in question operating the truck for appellant company, but was operating it for his brother, and denied that he had said to appellee shortly after the accident, or at any time, that he "was driving for Kepp." That this testimony was competent, and was properly admitted to support the defense, is not controverted, nor can it be. It must also be conceded that after the admission of this testimony of Hubert on behalf of the defense, it would have been proper for appellee, as a witness in rebuttal, to have testified to the previous declaration of Hubert that he "was driving for Kepp," and the evidence would have been proper for the purpose of impeaching Hubert. The question, then, comes to this: Must the judgment be reversed and a new trial ordered merely because the testimony of appellee, which would have been proper in rebuttal, was improperly admitted in chief?

It is a settled and salutary rule that courts of appeal will not reverse a judgment because of an error of the trial court which the record shows could not have prejudiced the substantial rights of appellant. In this jurisdiction the rule stated has been a part of the Code of Civil Procedure since 1852. §137 Code Civ. Proc., §426 Burns 1926. Courts of review would not be courts of justice in the best sense if the law were otherwise. It is to the credit of the courts

that the tendency in recent years has been to give the rule a wider and more practical application.

In the case at bar, appellant cannot justly complain. The evidence, if improperly admitted in chief, could, and doubtless would, have been introduced in rebuttal. The admission of evidence out of order, under the facts as shown by the record, could not have harmed appellant, and was, at the most, but a harmless irregularity. *Rounsavell* v. *Pease* (1878), 45 Wis. 506; *Easley* v. *Missouri Pac. R. Co.* (1892), 113 Mo. 236, 20 S. W. 1073; *Nuckolls* v. *College of Physicians, etc.* (1907), 7 Cal. App. 233, 94 Pac. 81; *Williams* v. *Kidd* (1915), 170 Cal. 631, 151 Pac. 1, Am. Cas. 1916E 703; *Midland, etc., R. Co.* v. *Skinner* (1911), 99 Ark. 370, 138 S. W. 969; *Tooker* v. *Gormer* (1858), 2 Hilt. (N. Y.) 71; *Ross, Admr.,* v. *Pearson* (1852), 21 Ala. 473. See *Hoffbauer* v. *Morgan* (1909), 172 Ind. 273, 88 N. E. 337; *Pittsburgh, etc., R. Co.* v. *Nickolas* (1906), 165 Ind. 679, 76 N. E. 552.

There is, as we have stated above, competent evidence to sustain the finding of the jury that Hubert was, at the time of the accident, driving the truck for appellant, as there is evidence sufficient to prove all other material allegations of the complaint, and, therefore, to sustain the verdict.

Other questions referred to by appellant in its brief are not properly saved and presented.

Affirmed.

Thompson, J., not participating.