## SANDERS v. SCHENLEY PRODUCTS CO.
### No. 78.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1939.

Chadbourne, Wallace, Parke & Whiteside, of New York City (George W. Whiteside and Charles Pickett, both of New York City, of counsel), for appellant.

Rosenberg & Rosenberg, of New York City (Louis Rosenberg and Irwin H. Rosenberg, both of New York City, of counsel), for appellee.

Before LEARNED HAND, CLARK, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff, an architect and designer, was employed by the defendant under written contract. The employment was for two years beginning January 1, 1937, at a yearly salary of $15,000. The plaintiff was to perform such duties in matters relating to architectural and industrial design as the defendant should from time to time direct. The agreement provided: "We understand also that you contemplate a limited amount of outside work. We have no objection to your doing so, it being understood that you will engage in no work which may be regarded as competitive to the interests of this company, and provided further, that such work shall not interfere with the prompt accomplishment of those matters which you are handling for us, it being the purpose of this agreement that we shall have your time exclusively to the extent that we have need of it."

The contract was carried out by both parties in 1937. In January 1938 the plaintiff's pay was stopped and he was told there was no further need of his services. He brought action for wrongful discharge, claiming as damages the agreed salary of $15,000 for 1938. The defense pleaded was that the employment had been terminated by mutual consent. At the trial the plaintiff was the only witness. He testified that the work done for the defendant in the last six months of 1937 took scarcely twenty percent of his working hours, and that he was told by the defendant early in 1938 that there was no more work to be done. He conceded that in 1938, after the discharge, he had earned some $21,000 for architectural services rendered to others. The trial judge put the case to the jury on the mer-

its and on the damages. The jury found for the plaintiff in the sum of $13,000. On appeal the defendant urges that the case was one of nominal damages only. It also urges that the trial judge erred in his charge to the jury and in the exclusion of evidence. The plaintiff did not appeal.

The defendant submits that since the plaintiff had earnings of $21,000 in 1938, $6,000 more than the agreed salary, he suffered no actual damages from the discharge. If the terms of employment had required him to devote his time exclusively to the defendant, it would be true that as things turned out the discharge brought benefit rather than injury to him, and he could recover only nominal damages. But the plaintiff's entire time was not called for by the contract, unless indeed the employer had actual need of his entire time; and it is equally plain that the contract did not restrict him to a petty amount of outside work, despite the defendant's laboring of the words "limited amount of outside work." There is no uncertainty in the contract. By its terms the plaintiff's services as architect and designer were engaged to the extent that the employer should have need of them. It was explicitly agreed that he might do outside work so long as such work did not interfere with the employer's requirements. On wrongful discharge from an employment of this character the damage to the employee is measured by the agreed wage during the remainder of the term, reduced by such part of his earnings during the same period as he could not have earned if he had continued in the employment. Breakwater Co. v. Donovan, 6 Cir., 218 F. 340; Jaffray v. King, 34 Md. 217; Nuckolls v. College of Physicians & Surgeons, 7 Cal. App. 233, 94 P. 81; Sedgwick on Damages, 9th Ed., section 667. While the difference between the two sums is the measure of damages, the employee need prove only the agreed wage to make out a prima facie case; the employer has the burden of going forward with evidence to show that the actual damages were smaller. McClelland v. Climax Hosiery Mills, 252 N.Y. 347, 169 N.E. 605. Here the plaintiff proved the agreed wage, $15,000. There was no evidence tending to show that any part of the $21,000 earned by the plaintiff in 1938 could not have been earned by him consistently with the continued performance of his contract with the defendant during 1938. Nothing was shown as to the amount of time actually devoted by him to the jobs which brought in the $21,000. As to continued performance of the contract, the amount of required time would depend on the needs of the defendant's business in 1938. There was no evidence as to what those needs were, beyond the plaintiff's testimony that the defendant took only twenty percent of his time in the latter part of 1937 and that the defendant told him early in 1938 that it had no more work for him. On cross-examination the plaintiff testified that he could have earned the $21,000 without intruding on the time that would have been required to discharge his duties under the contract with the defendant. There was no evidence tending to disprove this assertion, although the defendant had the burden of going forward with evidence on the matter. The case, therefore, was not one of nominal damages. On the contrary, the trial judge should have charged the jury that on the evidence the plaintiff's damages were the agreed salary for the balance of the term, $15,000.

It is insisted that the court erred in charging the jury on damages. We need not discuss the point. For the reasons already given, the trial judge should have charged the jury as matter of law that the plaintiff's damages were $15,000. As it was, he left the issue of damages to the jury, with the result that the damages were set at a smaller amount. An appellant may not complain of an error in the instructions on an issue on which his adversary was entitled to a directed verdict. Weidenfeld v. Pacific Improvement Co., 2 Cir., 43 F.2d 817; Cundill v. Lewis, 245 N.Y. 383, 157 N.E. 502.

The alleged error in exclusion of evidence came up when the defendant offered in evidence an affidavit by one Jacobi, an officer of the defendant who had died prior to the trial, together with an affidavit by the plaintiff in reply. The tender was in support of the defense that the contract had been rescinded by mutual consent. Shortly after the action was commenced the plaintiff moved for summary judgment. In opposition the defendant presented Jacobi's affidavit, in which Jacobi swore that he and the plaintiff had made an oral agreement that the contract be cancelled. The plaintiff in a replying affidavit stated that even if Jacobi's version were true the "alleged

agreement" of cancellation was legally invalid. The defendant's offer of the two affidavits at the trial was on the theory that the plaintiff's failure squarely to contradict Jacobi was a virtual admission by him of the making of an agreement to rescind the employment contract. On the plaintiff's objection the trial court excluded the affidavits. We see no error in the ruling. Silence in the face of a charge frequently stands as an admission, and when affidavits are being passed back and forth in the course of an action a failure to make denial of a fact stated in an opponent's affidavit may at times amount to an admission of the fact and render the affidavits admissible in evidence at the trial. But the plaintiff's affidavit, while it did not squarely contradict what Jacobi had said, was so worded as not to be a concession of the contents of Jacobi's affidavit. Moreover, the plaintiff had no reason to contradict Jacobi at the time. Jacobi's affidavit raised an issue of fact, and on motion for summary judgment it would have availed the plaintiff nothing to deny Jacobi's statement. His only chance of success on the motion was to show that the alleged cancellation was of no validity in law and thus raised no disputed issue of fact, and that was what he sought to do. Where a party has no motive for denying a statement, his failure to deny is not to be taken as an admission. Wigmore on Evidence, section 1072; Talcott v. Harris, 93 N.Y. 567.

As we read the record, the court should have directed a verdict for the plaintiff for $15,000. There was no evidence tending to show that the plaintiff had agreed to a rescission of the contract of employment. There was no evidence tending to show that the actual damages were less than the unpaid salary. The defendant has no grievance over a verdict of $13,000.

Affirmed.