[Civ. No. 3850.   Fourth Dist.   Feb. 4, 1949.]

BESSIE S. DOWNS, Plaintiff and Appellant, v. WILLIAM GRANT SHERRY et al., Defendants and Appellants.

Zagon, Aaron & Sandler and Powell & Banyard for Plaintiff and Appellant.

B. Z. McKinney and Adrian Marks for Defendants and Appellants.

MUSSELL, J.—This is an action on contract for personal services. Plaintiff was engaged as a baby nurse by Bette Sherry, also known as Bette Davis. The term of employment was for a period of six months, beginning at the time of the birth of defendant's child, May 1, 1947. It was agreed that plaintiff was to be compensated for her services at the rate of $60 per week and in addition was to receive her "room, board and lodging." On May 7, 1947, Bette Sherry returned from the hospital with her child to her home in Laguna Beach and plaintiff assumed her duties as nurse. Three days later plaintiff was discharged by defendants who paid her the sum of $120 which she retained. On May 28, 1947, plaintiff filed suit against defendants claiming $60 per week for 26 weeks and $150 per month for room and board. A jury trial was had which resulted in a verdict for plaintiff in the sum of $1,500. Defendants moved for a new trial on the usual grounds. The motion was granted "on the issue of the amount of damages only, upon the grounds of insufficiency of the evidence to justify the verdict as to the amount of damages."

Defendants appeal from the verdict and judgment except such portion as may be "effected" by the order of the court

granting a new trial on the sole question of the amount of damages granted.

Plaintiff appeals from that portion of the order granting defendants' motion for new trial on the issue of damages only.

It is contended by defendants that the trial court erred in the admission, or the refusal to admit, certain evidence and in the giving of instructions; that the judgment is not supported by the evidence and that the motion for new trial should have been granted without limitation and the case should be retried on all issues.

■ Defendants sought to introduce evidence that the physician employed to care for defendant and her child had advised the discharge of plaintiff. While the fact that such advice was given might have some bearing on the question of the wrongful discharge, the conversations were properly excluded and no prejudicial error is apparent in the court's ruling. Plaintiff was permitted to state that she considered the value of room and board was at least $150 per month. No other evidence on this point was offered and it is evident that the jury was not influenced by it as the verdict was for $1,500.

■ There is a sharp conflict in the evidence as to the reasons for the termination of plaintiff's employment. Defendants offered testimony to the effect that plaintiff did not follow the instructions given her relative to feeding the baby and, without authority, changed the intervals between feeding from three to four hours; that plaintiff's belligerent attitude toward Mrs. Sherry, who was bedfast at the time, caused her to become nervous and upset and there were arguments as to the time and method of feeding the child, disturbing to defendant.

Plaintiff testified to the effect that she was given no specific instructions as to the hours of feeding; that she was given full charge of the baby and took good care of her; that the reason given for plaintiff's discharge was that her personality clashed with that of Mrs. Sherry; that defendants had talked it over and decided to let her go. There was substantial evidence from which the jury could infer that plaintiff was discharged without sufficient cause and in such circumstances the finding cannot be disturbed on appeal. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

■ We find no prejudicial error in the court's instruction to the jury which was as follows: "If you find that there were no specific instructions given to plaintiff with

respect to the case of the infant child, and that the matter of the care of the child was left to the discretion of plaintiff, and you also find that the plaintiff used and exercised a reasonable degree of skill in conformity with the usage and custom employed under comparable circumstances at the place of performance, you will find in favor of plaintiff on the issue of the rightfulness of her discharge.''

Nor do we find error in the court's statement to the jury that the nature of plaintiff's employment involved the exercise of skill and discretion, where, as here, the plaintiff was not discharged for any lack of skill in the performance of her duties. The jury was instructed that the burden of proving the rightfulness of the discharge of plaintiff by defendants is on defendants and must be sustained by a preponderance of the evidence. We are unable to agree with defendants' claim that the instruction constituted serious error. ▮ Plaintiff established a prima facie case when she proved her employment, the amount of her salary, and her discharge before the end of the term of her engagement, and it was no part of her case in chief to prove the reason assigned by defendants for her dismissal. (*Nuckolls* v. *College of Physicians*, 7 Cal.App. 233, 235 [94 P. 81] ; 16 Cal.Jur. 991.)

The trial court is given a wide discretion in granting a new trial on the ground of insufficiency of the evidence to justify the verdict and the judgment entered upon it. (*Wallace* v. *Miller*, 26 Cal.App.2d 55, 57 [78 P.2d 745].) The question of liability of defendants for breach of the contract of employment having been determined by the jury, we cannot say that a general order granting a new trial should have been made and the case retried on all the issues.

Plaintiff argues that there was an abuse of discretion by the trial court in granting a new trial on the grounds of ''insufficiency of the evidence to justify the verdict as to the amount of damages.''

It was the duty of the trial court in passing on the motion for a new trial to review the evidence and pass upon its sufficiency as to the issue of damages. (*Grover* v. *Sharp & Fellows Contr. Co.*, 66 Cal.App.2d 736, 738 [153 P.2d 83].)

The measure of damages recoverable by a wrongfully discharged employee is the amount of the salary agreed upon for the entire period of service, less the amount which the servant has earned, or with reasonable effort might have earned, from other employment. (*Goudal* v. *DeMille Pictures Corp.*, 118 Cal.App. 407, 414 [5 P.2d 432, 7 P.2d 174] ;

*de la Falaise* v. *Gaumont-British Picture Corp.*, 39 Cal.App. 2d 461, 469 [103 P.2d 447].) Where, as here, the action is brought before the expiration of the period of employment provided by the contract, the action is not to recover wages due, but for damages for breach of contract. ▮ The measure of damages is prima facie the contract price and the burden was on the defendants to show not only that plaintiff remained unemployed but also that she could by diligence have secured employment elsewhere. (*Goudal* v. *DeMille Pictures Corp., supra,* p. 415.) There was a conflict in the evidence as to the deductions which should have been allowed from the contract price, and as to whether plaintiff by diligence could have secured other employment during the term of the agreement.

▮ Upon an appeal from an order granting a new trial, all presumptions are in favor of the order as against the verdict. ▮ The order will be affirmed if it may be sustained on any ground, and the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].) The record before us does not show an abuse of discretion and the trial court may well have concluded that damages awarded by the jury were excessive.

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.